COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MICHAEL SIMPSON,                                         )

                                                                              )              
No.  08-03-00110-CV

Appellant,                          )

                                          )                    Appeal from the

v.                                                                           )

                                                                              )                
385th District Court

FELIPE ALANIS, COMMISSIONER
OF           )

EDUCATION, and MIDLAND                            )           
of Midland County, Texas

INDEPENDENT SCHOOL DISTRICT,              )

                                                                              )                 
(TC# CV-43827)

Appellees.                          )

 

 

MEMORANDUM  OPINION

 

Appellant Michael
Simpson appeals from a judgment affirming the Commissioner of Education=s (ACommissioner@) decision to not renew his term
contract.  On appeal, Mr. Simpson raises
one issue:  whether the trial court erred
in affirming the administrative decision of the Commissioner which affirmed the
Midland Independent School District=s
decision not to renew Mr. Simpson=s
term contract due to his possession of alcohol while working in the scope of
his duties.  We affirm.

SUMMARY
OF THE EVIDENCE








Mr. Simpson was a
science teacher and girls=
soccer coach at Lee Senior High, a high school in the Midland Independent
School District (AMISD@). 
He  held a term contract with MISD
for the 2001-2002 school year.  On
November 15, 2001, a regular school day, Mr. Simpson was scheduled to
attend a soccer clinic in San Antonio. 
That morning, he checked out a suburban from the MISD transportation
services.  While driving the MISD
suburban, Mr. Simpson went to the dry cleaners and then picked-up Coach
Ernani Dearagao, another MISD coach also attending the soccer clinic.  Then sometime between 9 a.m. and 9:30 a.m.,
he also made a stop at a local grocery store and purchased a twelve-pack of
beer and other miscellaneous groceries. 
Mr. Simpson then went to his home where he dropped-off the dry cleaning
and the beer.  He then picked up a third
coach and all three men headed out to San Antonio to attend the soccer
clinic.  Mr. Simpson was being paid by
MISD for this day.  A regular school day
for Mr. Simpson is from 8 a.m. to 4 p.m.

Apparently, a
local citizen witnessed Mr. Simpson leaving the grocery store with the beer and
getting into the school vehicle.  This
witness reported the incident to MISD=s
Superintendent.  The Superintendent then
informed the principal at Lee Senior High, Mr. George Cooper, about the
allegation and asked him to investigate further into the matter.  Mr. Cooper confronted Mr. Simpson with the
allegation and Mr. Simpson admitted to having bought the beer.  Mr. Simpson further stated that he knew
better and that buying the beer was a dumb thing to do.  Mr. Cooper formally reprimanded Mr. Simpson
for this behavior.  Shortly thereafter,
Mr. Simpson submitted a written resignation which was to be effective at
the end of his term contract to Mr. Cooper. 
A couple of months later, Mr. Simpson retracted his resignation through
his attorney.

PROCEDURAL
BACKGROUND








On March 19, 2002,
Mr. Simpson received a letter from the MISD=s
Board of Trustees President stating that the Superintended had recommended a
proposal to not renew his term contract. 
The following reasons were stated for nonrenewal:  (1) possession of alcohol/alcoholic beverages
while working in the scope of your duties and/or attending a school -or
District-sponsored activity; (2) failure to comply with Board policies or
administrative regulations.  Upon Mr.
Simpson=s
request, on April 9, 2002, the Board of Trustees for MISD held a local hearing
regarding the nonrenewal of Mr. Simpson=s
term contract.  Pursuant to MISD=s nonrenewal policy listing possession
of alcohol while in the scope of employment as a reason to not renew employment
contracts, the Board unanimously decided not to renew Mr. Simpson=s term contract.  

Mr. Simpson
appealed the decision to the Commissioner of Education.  The Commissioner affirmed the Board=s decision, finding that there was
substantial evidence showing that Mr. Simpson was in the Acourse and scope of his employment
while he was in possession of alcohol on November 15, 2001.@ 
Subsequently, the district court filed a judgment affirming the
Commissioner=s
decision finding that no error existed requiring reversal of the Commissioner=s decision.  Mr. Simpson now appeals to this Court.

DISCUSSION

In a single issue,
Mr. Simpson asserts that there was no substantial evidence to support the
decision to not renew his contract.  Mr.
Simpson urges the Court to find that he was not working in the scope of his
duties when he bought the beer, but rather that he was making a purely personal
side trip to run errands.  Mr. Simpson
further contends that had this been a worker=s
compensation case in which he had been injured while running these errands,
MISD would have not considered his actions to be work related.  As such, Mr. Simpson would have this Court
find that the Commissioner=s
decision was arbitrary and capricious.








STANDARD
OF REVIEW

This Court reviews
the Commissioner=s
decision under the substantial evidence rule, 
reviewing only the evidence presented at the local hearing and any
evidence taken by the Commissioner but does not take any additional evidence.  Tex.Educ.Code
Ann. ' 21.307(e)
(Vernon 1996).  The Court may not reverse
the Commissioner=s
decisions unless the decision was not supported by substantial evidence or
unless the Commissioner=s
conclusions of law are erroneous.  Tex.Educ.Code Ann. ' 21.307 (f).

Under the
substantial evidence rule, we must first consider whether looking at the
evidence as a whole, reasonable minds could have reached the same conclusion as
the Commissioner.  Farris v. Fort Bend
Independent School District, 27 S.W.3d 307, 311 (Tex.App.--Houston [1st
Dist.] 2000, no pet.), citing Texas State Bd. of Dental Examiners v.
Sizemore, 759 S.W.2d 114, 116 (Tex. 1988). 
We may not substitute our judgment for that of the Commissioner and may
consider only the record on which the Commissioner reached his decision.  Farris, 27 S.W.3d at 311, citing
Texas Health Facilities Comm=n
v. Charter Medical - Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).  








The party
appealing has the burden of demonstrating a lack of substantial evidence.  Farris, 27 S.W.3d at 311.  Substantial evidence means more than a mere
scintilla; thus, the evidence may preponderate against the agency=s decision, yet still amount to
substantial evidence.  Miller v.
Houston Independent School District, 51 S.W.3d 676, 680 (Tex.App.-- Houston
[1st Dist.] 2001, pet. denied), citing Mireles v. Texas Dep=t of Pub. Safety, 9 S.W.3d 128, 131
(Tex. 1999).  The true test is not
whether the agency reached the correct conclusion, but whether some reasonable
basis exists in the record for the action taken by the agency.  Texas Health Facilities Commission,
665 S.W.2d at 452.  The substantial
evidence standard of review is limited, intentionally giving great deference to
the particular agency in its field of expertise and requiring Aonly more than a mere scintilla,@ to support an agency=s determination.  Nelson v. Weatherwax, 59 S.W.3d 340,
343 (Tex.App.--Fort Worth 2001, pet. denied). 
Whether a substantial evidence exists to support an agency=s determination is a question of
law.  Miller, 51 S.W.3d at 680.

The facts are not
disputed in this case.  The evidence
presented at the local hearing contains the testimony of Mr. Cooper, Mr.
Simpson, and Mr. Dearagao, all of which speak to the issue of whether Mr.
Simpson was within the scope of his employment when he purchased the beer.  Mr. Cooper=s
testimony indicated at the time Mr. Simpson was reprimanded, Mr. Simpson never
attempted to deny that he had purchased the beer.  As evidenced by Mr. Cooper=s testimony and the copy of the letter
reprimanding Mr. Simpson introduced at the local hearing, Mr. Simpson further
stated to Mr. Cooper that he knew better and that purchasing the beer Awas a dumb thing to do.@ 
Mr. Simpson himself testified that it was within the scope of his duties
to attend the soccer clinic.  Mr.
Dearagao testified that for the day in question, it was reasonable to assume
that he was acting within the scope of his employment at the time the school
day began.  n reviewing the testimony, we
find that reasonable minds could have found that Mr. Simpson was within the
scope of his duties when he purchased the beer and that such an action
supported a decision not to renew his term contract.  The evidence presented at the local hearing
is more than a mere scintilla of evidence. 
As such, Mr. Simpson has failed to meet his burden in this case.








Having reviewed
the record, we find that the Commissioner=s
decision to uphold the Board=s
nonrenewal of Mr. Simpson=s
contract is supported by substantial evidence. 
We therefore find that the district court did not err in affirming the
Commissioner=s
decision.  

Accordingly, we
affirm the trial court=s
judgment.  

 

 

February 19, 2004

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.