**Cleon ROBERTS, Appellant,**

v.

**HARTLEY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 07–94–0004–CV.

Court of Appeals of Texas, Amarillo.

June 6, 1994.

Rehearing Denied July 6, 1994.

Texas State Teachers Ass'n, Truman W. Dean, Jr., Austin, for appellant.

Schwartz & Eichelbaum, Kelli Hamm Karczewski, Austin, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

Cleon Roberts perfected this appeal from the district court's dismissal of his breach-of-contract action, based upon his termination as a teacher, to recover damages from Hartley Independent School District (HISD), and to secure his reinstatement by a permanent injunction. His two-points-of-error contention is that the trial court erred in granting HISD's motion to dismiss for want of jurisdiction, thereby requiring him to exhaust his administrative remedies before seeking a judicial determination. Disagreeing, we will overrule the points and affirm.

Roberts was contractually employed as a teacher by HISD. On 14 October 1992, he was informed by a letter from John Williams, HISD's superintendent, of Williams's decision to recommend to HISD's Board of Trustees that Roberts's employment be terminated for just cause. Roberts was also notified that he had ten days after receiving

the notice to request a board hearing on the matter. The next day, October 15, Williams sent Roberts a second letter to inform him of a ten day suspension of his employment pending the ten day period for requesting a board hearing. Roberts did not request a board hearing.

At a meeting on the following October 26, the board of trustees voted to terminate Roberts's employment effective October 27. Roberts was given written notification of the decision.

Roberts abstained from administrative redress provided by the Education Code, which, as material, prescribes that:

> [A]ny person aggrieved by ... actions or decisions of any board of trustees ... may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

Tex.Educ.Code Ann. § 11.13(a) (Vernon 1991). Instead, Roberts filed the district court action underlying this appeal.

Alleging that HISD breached his contract of employment by terminating him without just cause, Roberts sought damages consisting of his loss of salary since termination. He also sought a permanent injunction directing HISD to reinstate him in his former position.

HISD filed, among other pleadings, a plea to the district court's jurisdiction, asserting that the court did not have jurisdiction of the subject matter, which should have first been pursued and determined pursuant to section 11.13(a), *supra.* The court granted the motion and dismissed the cause, prompting this appeal.

Historically, the uniform rule has been that parties must exhaust available administrative remedies for all matters pertaining to the administration of school laws and involving questions of fact before the courts will exercise jurisdiction over such matters. *Mission Independent School Dist. v. Diserens,* 144 Tex. 107, 188 S.W.2d 568, 570 (1945). And, historically, one of those matters is the termination of a teacher's employment. *Ball v. Kerrville Independent School District,* 504 S.W.2d 791, 793 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.); *Trustees of Chilicothe Independent School Dist. v. Dudney,* 142 S.W. 1007, 1008 (Tex.Civ.App.—Amarillo 1911, no writ).

Tacitly acknowledging the uniform rule, Roberts nevertheless contends he was not required to take an administrative appeal, noting the statement in *Houston Federation of Teachers v. Houston Independent School District,* 730 S.W.2d 644 (Tex.1987), that parties are not required to pursue an administrative process regardless of the price. *Id.* at 646. Then, emphasizing that in his action, he requested an injunction ordering reinstatement and back pay, he cites *Texas Educ. Agency v. Cypress–Fairbanks,* 830 S.W.2d 88, 91 (Tex.1992), for the statement that the Commissioner of Education does not have the authority to grant damages and injunctive relief. Thus, Roberts concludes, since the Commissioner does not have the power to award him his remedies, he should not be required to appeal to the Texas Education Agency when that remedy is useless.

Obviously, Roberts seeks to invoke an exception to the uniform rule, but we are not persuaded that his action comes within one of the recognized exceptions. The statement in *Houston Federation of Teachers,* to which he refers, was the introductory comment to the application of an exception to the uniform rule. There, when the teachers showed, and the trial court found, that they would suffer irreparable harm if the school district's plans were implemented, the court issued a temporary injunction, relief which the Commissioner of Education is not authorized to order. The finding of irreparable harm being undisturbed on appeal, the Court followed its introductory comment by applying this exception: "If irreparable harm will be suffered and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy." 730 S.W.2d at 646.

The exception is inapplicable to Roberts's action. He did not seek immediate injunctive relief by pleading he would suffer irreparable

harm if he were not reinstated in his former position.

No more availing to Roberts is his reliance on *Cypress–Fairbanks*. There, the Cypress–Fairbanks Independent School District, joined by three other independent school districts, sought a district court's declaratory and injunctive decision on the Commissioner of Education's standard of review of appeals of its terminated teacher who, together with two teachers and an administrator aggrieved by actions of the other school districts, had appealed to the Commissioner to complain not only that the decisions against them were wrong, but that their federal constitutional due process rights were violated. Additionally, two of them contended their rights under the Texas Constitution had been breached, and two of them alleged violations of Title 42 of the United States Code.

The *Cypress–Fairbanks* Court held that the school districts' failure to exhaust administrative remedies precluded the district court from granting declaratory relief before the Commissioner issued a final administrative decision. In so holding, the Court recognized, as exceptions to the uniform rule, that a trial court may intercede before administrative remedies are exhausted where the administrative agency lacks jurisdiction, 830 S.W.2d at 90, and that prior resort to the administrative process is not usually required for constitutional and Title 42 claims. 830 S.W.2d at 91 n. 3. Nevertheless, the Court, albeit noting that the Commissioner would not have authority to grant all relief, including damages and injunctive relief, requested by the employees, confirmed the Commissioner's authority to consider, at least for some purposes, the employees' claims pursued under section 11.13(a), *supra,* 830 S.W.2d at 91, which included the claims of wrongful termination by the teachers.

Roberts has neither claimed a lack of jurisdiction by the Commissioner, nor a constitutional or Title 42 violation, so as to come within those exceptions to the uniform rule. He does claim that the Commissioner is without authority to grant him damages and injunctive relief, the relief he requested; yet, the damages he seeks are back pay and the injunctive relief he seeks is his reinstatement in his former position. If his termination was not merited, then the Commissioner had the authority to reverse the decision of the HISD Board of Trustees, *see Texas Educ. Agency v. Cypress–Fairbanks,* 830 S.W.2d at 91; *Seifert v. Lingleville Independent School,* 692 S.W.2d 461, 462 (Tex.1985), a consequence of which would provide Roberts the exact relief he seeks. *Harkness v. Hutcherson,* 90 Tex. 383, 38 S.W. 1120 (1897).

It follows that Roberts's plea for damages and permanent injunctive relief is insufficient to escape application of the uniform rule that requires him to pursue his administrative remedies before invoking the jurisdiction of the district court. To hold otherwise would eviscerate section 11.13(a), *supra,* one of the provisions of the legislative plan intended to keep this dispute concerning the decision of the HISD Board of Trustees out of the courts as much as possible. *Accord Hinojosa v. San Isidro Independent School District,* 273 S.W.2d 656, 657 (Tex.Civ.App.—San Antonio 1954, no writ). Roberts's two points of error are overruled.

The trial court's judgment of dismissal is affirmed.