James Weldon HICKS, Appellant,

v.

**LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and Michael Zolkoski, Appellees.**

No. 11–96–220–CV.

Court of Appeals of Texas,
Eastland.

April 3, 1997.

Rehearing Denied May 8, 1997.

Laurence W. Watts, Watts & Associates, Houston, for appellant.

Merri Schneider-Vogel, Christopher B. Gilbert, Bracewell & Patterson, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

This is an appeal from a district court judgment in a school employment case in which the trial court dismissed the employee's cause of action for want of jurisdiction. We affirm.

In 1974, Lamar Consolidated Independent School District (Lamar) employed appellant as an administrator. In 1993, Lamar began to make various reassignments of appellant. Appellant considered the reassignments to be demotions. Appellant alleged that he finally received word in 1995 that his contract would not be renewed. Appellant then filed this suit against Lamar and its superintendent, Michael Zolkoski. Appellant alleged that the reassignments were in fact demotions and that the demotions, as well as various changes in job requirements, came about as a result of a dislike of him and in retaliation against him for protesting the demotions. Appellant maintained that the retaliation was the result of his exercise of his constitutional right to free speech under TEX. CONST. art. I, § 8 and was motivated by Zolkoski's malice toward him. He also claimed a violation of his "Article I § 19

Property interest" and a "violation of his right to due process as guaranteed by the Texas and United States Constitutions." Appellant further alleged that he was falsely accused of not doing his work properly and that he received bad evaluations without good cause. Appellant claimed that all of appellees' acts were malicious, pretextual, without just cause, and grossly negligent and that the acts were done in retaliation against him and as a part of appellees' plan to "rid the district of long time employees to save expense." Appellant sought a declaratory judgment that appellees had violated his "Article I § 19 Property interest and contractual rights." Although never pleaded as any part of a cause of action in his petition, appellant prayed for attorney's fees and costs of suit, for injunctive relief, for further relief as might be proper, and for judgment for all losses resulting from breach of contract.

Appellees filed a plea to the jurisdiction in which they alleged that, because appellant had not exhausted his administrative remedies, the trial court had no jurisdiction. The trial court agreed and dismissed appellant's cause of action.

Former TEX.EDUC.CODE § 11.13 (1991) was in effect at all times material to this lawsuit.[1] Section 11.13 set forth the administrative remedies to be followed for "persons having any matter of dispute among them arising under the school laws of Texas."[2] Those administrative remedies extended to "any person aggrieved by ... actions or decisions of any board of trustees." See Section 11.13(a). The administrative remedies must have been exhausted before resort may be had to the courts. *Texas Education Agency v. Cypress–Fairbanks I.S.D.,* 830 S.W.2d 88 (Tex.1992); *Mission Independent School Dist. v. Diserens,* 188 S.W.2d 568 (Tex.1945); *Barrientos v. Ysleta Independent School District,* 881 S.W.2d 159 (Tex.App.—El Paso 1994, no writ).

Appellant does not dispute the general rule which requires that a claimant exhaust ad-

1. The Texas Education Code was replaced on May 31, 1995, but legislation specifically provided that actions taken by school boards before January 1, 1996, were governed by the law as it existed prior to the new code. (Acts 1995, 74th Leg., ch. 260 § 60, effective May 30, 1995).

2. See also 19 TEX.ADMIN.CODE § 157.1041 et seq. (Tex. Educ. Agency, Hearings before Commissioner of Education).

ministrative remedies before resorting to the courts. However, appellant maintains that it is not necessary to first exhaust administrative remedies in all situations.

In his first point of error, appellant asserts that exhaustion of administrative remedies is not required when the allegations involve "constitutional questions." In support of his argument, appellant cites several cases involving federal statutory and constitutional claims. See, e.g., *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Correa v. Fischer*, 982 F.2d 931 (5th Cir.1993); *Soderstrum v. Town of Grand Isle*, 925 F.2d 135 (5th Cir.1991). These cases stand for the proposition that one who presents such federal claims in a federal court is not required first to exhaust state administrative remedies when those claims do not involve issues of state law which control the disposition of the case. The existence of a federal claim, therefore, allows a claimant to file his claim in the federal court system without first exhausting state administrative remedies when those claims are not integrally controlled by state law. The reasoning behind this rule is grounded in the fact that a person with federal claims is entitled to have them adjudicated in the federal courts. The federal courts were created as the chief tribunal for the determination of federal rights. *McNeese v. Board of Education, supra.* According to the reasoning in *McNeese*, a person with a federal statutory or federal constitutional claim not primarily affected by state law should not be required to await state action upon that federal claim; that is what the federal court system is for.

We are aware of Texas cases which seem, in dicta, to categorically create an exception to the general rule when constitutional questions are raised, regardless of whether those constitutional claims are federal or state claims. See, e.g., *Roberts v. Hartley Independent School District*, 877 S.W.2d 506, 508 (Tex.App.—Amarillo 1994, writ den'd). Appellant argues that *Texas Education Agency v. Cypress–Fairbanks I.S.D.*, supra, stands for that proposition. We disagree. The result in *Cypress–Fairbanks I.S.D.* was basically the result that we reach here: that a State district court could not become involved in a school employment case until administrative remedies were exhausted even though federal statutory, federal constitutional, and state constitutional questions were involved. A purely constitutional claim is a question of law. In a case involving a purely constitutional question *only*, it would not be necessary to first exhaust administrative remedies because of the rule that obviates that necessity where *only* questions of law are concerned. However, where purely constitutional questions (questions of law) are mixed with questions of fact, it is necessary to first exhaust administrative remedies. *Cypress–Fairbanks* contains language which might, at first blush, lead one to believe that, as far as the exhaustion of remedies doctrine is concerned, if there is a constitutional claim, whether it is federal or state, then exhaustion is not required. However, that is not the holding of the case. We believe that *Cypress–Fairbanks* clearly indicates to the contrary. The case before us does not involve constitutional questions of law only. Any questions of law which are presented are mixed with questions of fact. School employment claimants who bring their federal constitutional or federal statutory employment claims or their state constitutional employment claims into a state court must have first exhausted all state administrative remedies unless such claims involve solely questions of law.

The federal reasoning set forth in *McNeese* does not apply to questions litigated in a state court, even if the questions include federal or state constitutional claims. Although some Texas courts have referred to "constitutional" claims as creating an exception to the exhaustion of remedies doctrine, we believe that, when read in their proper context, the facts of those cases involve federal claims and federal constitutional questions only, and then only when filed in the federal court system; otherwise, resort must first be had to administrative remedies unless questions of law *only* are presented. To

the extent that the cases do not so hold, we respectfully disagree. See, e.g., *Carrillo v. Anthony Independent School District*, 921 S.W.2d 800 (Tex.App.—El Paso 1996, no writ); *Washington v. Fort Bend Independent School District*, 892 S.W.2d 156 (Tex.App.—Houston [14th Dist.] 1994, writ den'd); *Jones v. Dallas Independent School District*, 872 S.W.2d 294, 296 (Tex.App.—Dallas 1994, writ den'd). The appropriate distinction is not that a particular claim is a "constitutional" one but, rather, that it is a "federal constitutional claim, or other federal claim, presented in a federal court" as opposed to a state court. A state is entitled to require that administrative remedies be exhausted before its courts become involved. This is quite different from the question when presented within the federal court system. See *McNeese v. Board of Education*, supra.

Appellant argues that, because he has alleged constitutional claims, it is not necessary to first exhaust the administrative remedies because the questions involved are solely questions of law. *Barrientos v. Ysleta Independent School District*, supra. As we have stated, we agree with the general proposition that, in cases which involve pure questions of law, constitutional or otherwise, a claimant is not required to exhaust administrative remedies.

The standard of review in cases involving dismissals for want of jurisdiction requires us to look solely to the allegations in the petition and to take the well-pleaded allegations as true. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440 (Tex.1993); *Huston v. Federal Deposit Insurance Corporation*, 663 S.W.2d 126 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). We have reviewed appellant's petition and, taking the allegations as true, find that the allegations involve questions of fact, not of law. Those fact questions involve the resolution of whether appellees' actions were in retaliation for the exercise of protected rights or out of a basic dislike of appellant or for the purposes of harassment or for any of the other factual situations alleged by appellant including unfavorable evaluations, accusations involving violations of testing procedures, false accusations of wrongdoing as well as the existence of good cause for the demotions and threat of nonrenewal. These allegations involve questions of fact, not questions of law. In other words, the question is, under appellant's pleadings: why did the appellees act as they did? These are fact questions, not questions of law. Simply calling them constitutional questions does not change their nature. Appellant's first point of error is overruled.

In his second point of error, appellant points to other recognized exceptions to the basic requirement that one must exhaust administrative remedies before seeking relief in the courts. Appellant lists as exceptions cases in which there is an inadequacy of administrative remedies; cases in which the prior exhaustion of administrative remedies would cause irreparable injury; and cases in which the administrative agency acts without authority. Although briefed, none of these matters are alleged in appellant's petition. It was appellant's obligation to plead these matters; he did not. *Richardson v. First National Life Insurance Company*, 419 S.W.2d 836, 839 (Tex.1967). Appellant's second point of error is overruled.

Appellant's final point of error addresses the standard by which an appellate court reviews orders granting pleas to the jurisdiction. Appellant reminds us that it is fundamental that the good faith allegations in the petition are determinative of the action. We are to construe the pleadings in favor of appellant and to look to his intent. *Texas Association of Business v. Texas Air Control Board*, supra; *Huston v. Federal Deposit Insurance Corporation*, supra. Again, we do not disagree with the general statement of the law. However, even if we assume that all of appellant's allegations are true, his pleadings neither alleged exhaustion of administrative remedies nor any exception to the requirement that he first exhaust his administrative remedies. It has consistently been held that matters such as those raised by appellant are best resolved by school authorities. See, e.g., *Barrientos v. Ysleta Independent School District*, supra. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.