NUMBER 13-04-345-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GUADALUPE OLIVAREZ, JR., Appellant,


v.



LA VILLA INDEPENDENT

SCHOOL DISTRICT, Appellee.

 


On appeal from the 370th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Guadalupe Olivarez, Jr., appeals the trial court's order granting a plea to
the jurisdiction filed by appellee, La Villa Independent School District ("the District"). In two
issues, appellant contends (1) the trial court erred in dismissing his case for want of
jurisdiction and (2) the trial court erred in dismissing his case for want of jurisdiction
because if, as the District claims, he was not employed by the District, he was not required
to exhaust his administrative remedies prior to filing suit. We affirm the trial court's order
granting the District's plea to the jurisdiction.

Background 


 Appellant contends that on August 8, 2003, he was informed by the District's
superintendent that he had been hired as a math teacher for the 2003-2004 school year. 
Appellant began his teaching duties on August 12, 2003. On August 21, 2003, he was
informed that the District's board had voted not to offer him a contract. (1) That same day,
he filed a "Level One" grievance. (2) On August 26, 2003 (before the District responded to
the grievance), appellant obtained a temporary restraining order prohibiting the District
from removing him from his teaching position. 

 On August 29, 2003, the District filed a plea to the jurisdiction, arguing that the trial
court lacked jurisdiction because of appellant's failure to exhaust his administrative
remedies pursuant to the Texas Education Code prior to filing suit. Following a hearing
on September 3, 2003, the trial court dissolved the temporary restraining order, granted
the District's plea to the jurisdiction, and dismissed the case. (3) 

Standard of Review and Applicable Law
 

 Because jurisdiction is a question of law, we review the trial court's ruling on a plea
to the jurisdiction de novo. (4) We apply the de novo standard to both the granting of a plea
to the jurisdiction and to the denial of such a plea. (5)

 A plea to the jurisdiction may be an appropriate vehicle for raising a
failure-to-exhaust-administrative-remedies challenge to a plaintiff's suit. (6) Generally, under
Texas law, an aggrieved party, whose claim relates to the administration of school laws
and involves disputed fact issues, must exhaust his administrative remedies with the
Commissioner of Education ("the Commissioner") before turning to the courts for relief. (7) 
However, there are four exceptions to this general rule. (8)

 First, exhaustion of administrative remedies is not required where the aggrieved
party will suffer irreparable harm. (9) Second, an exception to the requirement of pursuing
administrative relief is found where the claims are for a violation of constitutional or federal
statutory rights. (10) Third, exhaustion of administrative remedies is not required where the
cause of action involves pure questions of law and the facts are undisputed. (11) Fourth, an
aggrieved party is not required to exhaust administrative remedies where the
Commissioner lacks jurisdiction. (12)

 The Commissioner has the authority to reverse a decision of the school board,
award back-pay, and reinstate a teacher to his former position. (13) In general, a teacher's
claims of discrimination and breach of contract against a school district do not involve
irreparable harm such that the aggrieved party may bypass these administrative
remedies. (14)

Analysis


 In his appellate brief, appellant argues that he is entitled to bypass the requirement
to exhaust administrative remedies because he sought injunctive relief to avoid irreparable
harm. According to appellant, he "alleged irreparable harm in the form of his removal from
a teaching position without any due process of law." In support, appellant cites Houston
Fed'n of Teachers v. Houston Indep. Sch. Dist., 730 S.W.2d 644, 646 (Tex. 1987).

 We have reviewed the record of the September 3, 2003 hearing on the District's
plea to the jurisdiction. The District noted that appellant filed a grievance objecting to the
District's decision to not offer him a contract, but abandoned his grievance in favor of filing
suit and obtaining a temporary restraining order. The District argued appellant was
required to exhaust his administrative remedies prior to filing suit.

 Appellant argued that "one of the exceptions on the requirement for exhaustion of
remedies, is when a district acts clearly outside the law." On several other occasions
during the hearing, appellant argued that by attempting to treat him as an at-will employee,
the District had acted "outside the law." However, appellant did not argue to the trial court
that he was not required to exhaust his administrative remedies because he would suffer
irreparable harm. Because appellant's arguments on appeal do not comport with his 
arguments before the trial court, he has arguably not preserved any complaint for review. (15) 
However, even if appellant's issue was preserved, we find his argument to be without merit. 

 We find appellant's reliance on Houston Fed'n of Teachers to be misplaced. The
Houston Fed'n of Teachers court found that parties are not required to exhaust their
administrative remedies if irreparable harm will be suffered. (16) "[I]rreparable harm means
that an award of damages months later will not provide adequate compensation." (17) In
Houston Fed'n of Teachers, the supreme court reviewed the decision of the court of
appeals that dissolved a temporary injunction barring a school district from lengthening the
school day and dismissed the underlying suit. (18) The supreme court stated that parties
should not be required to pursue the administrative process if they would suffer irreparable
harm and if the agency is unable to provide relief. (19) In Houston Fed'n of Teachers, the trial
court had issued a temporary injunction, finding the teachers would suffer severe,
immediate and irreparable harm based on the teachers' testimony that they would suffer
loss of child care, transportation arrangements, and second jobs if injunctive relief was not
granted. (20) 

 In this case, appellant fails to show how the District's alleged actions would cause
him any harm other than economic harm for which a later award of damages would provide
adequate compensation. (21) Therefore, the irreparable harm exception is not applicable to
his claims. (22)

 We feel compelled to note that the District's practice of allowing a teacher, like
appellant, to begin teaching duties prior to the District's approval of offering a contract,
places teachers in an uncertain and unenviable position. At the hearing, appellant's
counsel argued:

[Appellant's counsel]: There are no policies, Your Honor, for unhiring a
person, for coming in and letting a guy teach two weeks and say that he is
not an employee. There is [sic] no policies at all. He is not--the code never
encompassed, never envisioned districts trying to treat employees, teachers,
as at will employees, letting them go in for a week and letting them go. It is
just not contemplated under the code nowhere. 

 

 While we do not condone the District's actions in this case, we agree with the trial
court that it had no jurisdiction because appellant was required to exhaust his
administrative remedies prior to filing suit. We overrule appellant's issues and affirm the
trial court's dismissal of this suit. 



 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum opinion delivered and filed 

this the 29th day of March, 2007.


 

 

 

 
1. The District concedes that appellant began working without a contract and that he worked until
August 21, 2003. According to the District, appellant was told and understood that all teacher contracts were
subject to approval by the District's board of trustees. 
2. Appellant's grievance form, dated August 21, 2003, states: "I was terminated after teaching at La
Villa High School from 8-12-03 thru the end of my sick leave days for the school year." In the space
designated for "specific facts" in support of the grievance, appellant wrote, "I was terminated."
3. The trial court's written order dismissing the case for want of jurisdiction was signed on April 2, 2004. 
4. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
5. Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 658 (Tex. App.--Waco 2000, pet. denied) (citing
City of Houston v. Morua, 982 S.W.2d 126, 127 (Tex. App.--Houston [1st Dist.] 1998, no pet.)).
6. Id. (citing Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 893 (Tex. 1986)). 
7. Jones v. Clarksville Indep. Sch. Dist., 46 S.W.3d 467, 471 (Tex. App.--Texarkana 2001, no pet.);
Caramanian v. Houston Indep. Sch. Dist., 829 S.W.2d 814, 816 (Tex. App.--Houston [14th Dist.] 1992, no
pet.); see Tex. Educ. Code Ann. § 7.057 (Vernon 2006). 
8. Harlandale Indep. Sch. Dist. v. Rodriguez, 121 S.W.3d 88, 91-92 (Tex. App.--San Antonio 2003,
no pet.).
9. Houston Fed'n of Teachers v. Houston Indep. Sch. Dist., 730 S.W.2d 644, 646 (Tex. 1987). 
10. Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90-91 (Tex. 1992);
Nueces County v. Nueces County Civil Serv. Comm'n, 909 S.W.2d 597, 598 (Tex. App.--Corpus Christi 1995,
no writ). 
11. Janik v. Lamar Consol. Indep. Sch. Dist., 961 S.W.2d 322, 323-24 (Tex. App.--Houston [1st Dist.]
1997, pet. denied); Ball v. Kerrville Indep. Sch. Dist., 504 S.W.2d 791, 794 (Tex. Civ. App.--San Antonio
1973, writ ref'd n.r.e.). 
12. Tex. Educ. Agency, 830 S.W.2d at 90-91.
13. Dotson v. Grand Prairie Ind. Sch. Dist., 161 S.W.3d 289 292 (Tex. App.--Dallas 2005, no pet.) 
(citing Harlandale,121 S.W.3d at 94).
14. Id. (citing Gutierrez v. Laredo Indep. Sch. Dist., 139 S.W.3d 363, 366 (Tex. App.--San Antonio
2004, no pet.)).
15. See Tex. R. App. P. 33.1(a); J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290 (Tex.
App.--San Antonio 2000, pet. denied).
16. Houston Fed'n of Teachers, 730 S.W.2d at 646. 
17. Id. 
18. Id. at 645.
19. Id. at 646.
20. Id. at 645-46.
21. See Dotson, 161 S.W.3d at 292. 
22. See id.