NUMBER 13-06-681-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CARLOS GUERRA, Appellant,


v.


SANTA ROSA INDEPENDENT 

SCHOOL DISTRICT, Appellee.

 


On appeal from the 197th District Court 


of Cameron County, Texas.

 

 

O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Garza
 

 This appeal is taken from a final summary judgment rendered in favor of the Santa
Rosa Independent School District ('SRISD") and against Carlos Guerra. On appeal,
Guerra contends that the trial court lacked jurisdiction and erred in granting summary
judgment in favor of SRISD. We hold that SRISD established its entitlement to judgment
as a matter of law on its claim for declaratory relief. Accordingly, we affirm the judgment
of the trial court.

I. Background


 Guerra was employed as the Superintendent of SRISD beginning June 28, 2004. 
On February 6, 2006, SRISD's Board of Trustees voted to request Guerra's resignation
pursuant to paragraph 1.2 of his employment contract which states:

 In consideration for receiving a three year contract, the Superintendent
agrees that any time after the first year of his contract, should a majority of
trustees request that he resign, he will resign effective immediately and be
entitled to receive severance pay for the remainder of the contract period of
the year on which the action was taken and not to exceed a one year contract
period.


Guerra was present when the vote was cast. On February 13, 2006, the board president
gave Guerra written notice of the vote and requested that he submit his resignation
immediately. Guerra refused to resign.

 On March 2, 2006, SRISD filed a declaratory judgment action (1) in the district court
seeking a declaration of the parties' rights, duties and legal relations. SRISD asked that
the contract be declared enforceable, in particular paragraph 1.2; and that Guerra be
required to immediately resign his position or that he resign effective the end of the 2005-2006 school year. 

 Guerra filed a plea to the jurisdiction (2) claiming the trial court lacked subject matter
jurisdiction because the parties had not exhausted mandatory administrative procedures
set forth in the Texas Education Code. SRISD filed a traditional motion for summary
judgment on its declaratory judgment action. The trial court granted SRISD's motion for
summary judgment and denied Guerra's jurisdictional plea. In its order, the trial court
declared:

 1. The contract between SRISD and Guerra is a valid contract;


 2. After the first year of the contract with Guerra, SRISD voted to request
Guerra's resignation;


 3. Pursuant to his contract, Guerra was required to immediately resign his
contract;


 4. By failing to immediately resign, Guerra breached his contract with SRISD;


 5. The contract between SRISD and Guerra is completed, pursuant to the valid
invocation by SRISD of paragraph 1.2 of the contract;


 6. The amount of severance compensation Guerra was entitled to is outside
this litigation;


 7. SRISD's request for a declaratory judgment is hereby granted;


 8. SRISD is entitled to reasonable attorney's fees and taxable costs; and


 9. All relief not specifically set forth in the order is denied.


This appeal ensued.

 In his first issue, Guerra complains that the motion for summary judgment was
improperly granted because the trial court's erroneous construction of the contract violates
the Texas Education Code. In his second issue, Guerra contends that the trial court lacked
jurisdiction because the parties had not exhausted their administrative remedies. We first
consider the jurisdictional issue.


II. Plea to the Jurisdiction


 A plea to the jurisdiction contests the trial court's authority to determine the subject
matter of the cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). Whether a trial court has subject matter jurisdiction is a question of law reviewed
de novo. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002). Likewise, whether undisputed evidence of jurisdictional facts establishes a trial
court's jurisdiction is also a question of law that we review de novo. Tex. Dep't of Parks
and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 

 If, as in the present case, a jurisdictional challenge implicates the merits of the
plaintiff's cause of action and relevant evidence is submitted by the parties, the trial court
reviews the evidence to determine whether a fact issue exists. Id. at 227 (citing Bland, 34
S.W.3d at 555). If the relevant evidence is undisputed or fails to raise a fact question on
the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.
Id. at 228. However, if the evidence creates a fact question regarding the jurisdictional
issue, then the trial court cannot grant the plea to the jurisdiction and must allow the fact
finder to resolve the dispute. Id. at 227-28.

 In Miranda, the supreme court recognized that a trial court's review of a plea to the
jurisdiction challenging the existence of jurisdictional facts "mirrors" that of a traditional
summary judgment. Id.; see Tex. R. Civ. P. 166a(c). The Miranda court explained that,
by requiring the State to meet the summary judgment standard of proof, "we protect the
plaintiffs from having to put on their case simply to establish jurisdiction." Miranda, 133
S.W.3d at 228 (quoting Bland, 34 S.W.3d at 554). Under this procedure, the burden is on
the defendant to put forth evidence establishing as a matter of law that the trial court lacks
jurisdiction. Id.; see Tex. R. Civ. P. 166a. The burden then shifts to the plaintiff to
demonstrate that there is a disputed issue of material fact regarding the jurisdictional issue.
Miranda, 133 S.W.3d at 228. The defendant cannot simply deny the existence of
jurisdictional facts and force the plaintiff to raise a fact issue. See Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002); see also County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not
weigh the claims' merits but must consider only the plaintiffs' pleadings and evidence
pertinent to the jurisdictional inquiry.").

 In his plea to the jurisdiction, Guerra moved the court to dismiss for lack of subject
matter jurisdiction because the parties had not exhausted administrative remedies pursuant
to Chapter 21 of the Texas Education Code. See Tex. Educ. Code Ann. §§ 21.253 -
21.257 (Vernon 2006). Guerra further argued, "ambiguities in the terms of the written
contract between SRISD and Guerra require presentation of evidence and a determination
as to the intent of the parties which must be conducted in an administrative hearing." (3) 

 If a written contract is so worded that it can be given a certain or definite legal
meaning or interpretation, then it is not ambiguous and the court will construe the contract
as a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Only when the court
finds the contract ambiguous may the court consider parol evidence of the parties'
intentions. See Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex.
1995). When a contract is not ambiguous, the contract should be enforced as written. See
Lopez v. Munoz, Hockema & Reed, 22 S.W.3d 857, 862 (Tex. 2000)

 Paragraph 1.2 of the contract plainly states that Guerra is receiving a three-year
contract in exchange for giving the SRISD trustees the option of requesting his resignation
any time after the first year of his contract. Guerra agreed to resign effective immediately
upon the request of a majority of the trustees. The trustees do not have to give a reason
for requesting his resignation and the contract does not give Guerra the option of refusing
to resign. Guerra is entitled to receive severance pay, that should not exceed one year, for
the remainder of the contract year in which he was asked to resign. We conclude
paragraph 1.2 is not ambiguous.

 The contract contains additional terms for nonrenewal and for termination of the
contract. In each case, there are specified reasons outlined that can result in the unilateral
nonrenewal or termination of the contract by SRISD. We do not find these terms to be in
conflict with paragraph 1.2. Each of the terms in the contract dealing with ending Guerra's
employment, whether it be by requesting his resignation, nonrenewal of his contract or
termination for good cause, can be given a certain or definite legal meaning. Coker, 650
S.W.2d at 393. Thus, the contract is not ambiguous as a matter of law. Lopez, 22 S.W.3d
at 862.

 Guerra further argues, "It is well-settled that, when termination of an educator's term
contract is involved, there are always questions of fact." Guerra argues that Mitchison v.
Houston I.S.D., 803 S.W.2d 769 (Tex. App.-Houston [14th Dist.], 1991, writ denied), and
Garcia v. Pharr-San Juan-Alamo I.S.D., 513 S.W.2d 636 (Tex. Civ. App.-Corpus Christi
1979, writ ref'd n.r.e.), support his position. Guerra claims it is these questions of fact that
require the exhaustion of administrative remedies. We are not persuaded.

 Texas law requires that an aggrieved party must first exhaust all remedies provided
under the statutory administrative scheme if the subject matter (1) concerns the
administration of school laws, and (2) involves questions of fact. Mission ISD v. Diserens,
144 Tex. 107, 188 S.W.2d 568, 570 (Tex. 1945); Jones v. Dallas ISD, 872 S.W.2d 294, 296
(Tex. App.-Dallas 1994, writ denied). An aggrieved party is not required to exhaust
administrative remedies when only a question of law exists. Harlandale ISD v. Rodriguez,
121 S.W.3d 88, 91-92 (Tex. App.-San Antonio 2003, no pet.). 

 It is a well-established rule that in all matters pertaining to the administration
of school laws involving questions of fact as distinguished from pure
questions of law resort must first be had to the school authorities and the
method of appeal there provided for exhausted before the courts will entertain
jurisdiction of a complaint with reference to such matters.


Diserens, 188 S.W.2d at 111 (quoting State ex rel. Nevills v. Sanderson, 88 S.W.2d 1069,
1070 (Tex. Civ. App.-Waco 1935, no writ)). 

 There are additional exceptions to the exhaustion of administrative remedies
requirement recognized by Texas law. Harlandale Indep. Sch. Dist. v. Rodriguez, 121
S.W.3d 88, 91-92 (Tex. App.-San Antonio 2003, no pet.). First, exhaustion of
administrative remedies is not required where the aggrieved party will suffer irreparable
harm. Houston Fed'n of Teachers v. Houston Indep. Sch. Dist., 730 S.W.2d 644, 646 (Tex.
1987). Second, an exception to the requirement of pursuing administrative relief is found
where the claims are for a violation of constitutional or federal statutory rights. Tex. Educ.
Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90-91 (Tex. 1992); Nueces
County v. Nueces County Civil Serv. Comm'n, 909 S.W.2d 597, 598 (Tex. App.-Corpus
Christi 1995, no pet.). Third, exhaustion of administrative remedies is not required where
the cause of action involves pure questions of law and the facts are undisputed. Janik v.
Lamar Consol. Indep. Sch. Dist., 961 S.W.2d 322, 323-24 (Tex. App.-Houston [1st Dist.]
1997, pet. denied); Ball v. Kerrville Indep. Sch. Dist., 504 S.W.2d 791, 794 (Tex. Civ.
App.-San Antonio 1973, pet. ref'd n.r.e.). Fourth, an aggrieved party is not required to
exhaust administrative remedies where the Commissioner of Education lacks jurisdiction. 
Tex. Educ. Agency, 830 S.W.2d at 90-91. Guerra has noted three of the four exceptions
in his brief. Curiously, it is the question of law exception that is omitted.

 Here, the trial court was asked to declare the parties' rights, duties and legal
relations; that the contract be declared enforceable, in particular paragraph 1.2; and that
Guerra be required to immediately resign his position or that he resign effective the end of
the 2005-2006 school year. There were no fact issues that the trial court needed to resolve
in order to make these declarations. In his brief, Guerra acknowledges that there is no
dispute about: 


 the actual text of the employment contract.

 SRISD voted in favor of a resolution asking Guerra to immediately
submit his resignation.

 SRISD sent a letter dated February 13, 2006, to Guerra requesting his
resignation.

 counsel for Guerra notified SRISD by letter dated February 20, 2006,
that Guerra refused to tender his resignation.


 

 Because the trial court was able to make its declaration utilizing these undisputed
facts alone, the court was merely asked to determine a question of law. Janik v. Lamar
Consol. Indep. Sch. Dist., 961 S.W.2d 322, 323-24 (Tex. App.-Houston [1st Dist.] 1997,
pet. denied); Ball v. Kerrville Indep. Sch. Dist., 504 S.W.2d 791, 794 (Tex. Civ. App.-San
Antonio 1973, writ. ref'd n.r.e.). Accordingly, exhaustion of administrative remedies was not
required. The trial court did not err in denying Guerra's plea to the jurisdiction. Guerra's
second issue is overruled.

III. Motion for Summary Judgment 
 

 In his first issue, Guerra contends that the construction of paragraph 1.2 of the
contract adopted by the trial court violates the statutory requirements for term contracts
between educators and school districts (4). Interestingly, for this issue, Guerra argues
ambiguity of the contract in the alternative. We have already determined that the contract
is not ambiguous so we will not address this contention.

 The standards for reviewing summary judgment are well established. See Tex. R.
Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Under
a traditional motion for summary judgment, the movant must establish that no material fact
issue exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). After the movant
produces evidence sufficient to show it is entitled to summary judgment, the nonmovant
must then present evidence raising a fact issue. See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996).

 In support of its motion for summary judgment, SRISD provided undisputed evidence
of the contract in question, a copy of the Board Minutes documenting the motion requesting
Guerra's resignation, a copy of the letter dated February 13, 2006, requesting Guerra's
resignation; and a copy of a letter from Guerra's attorney indicating Guerra "declines to
tender his resignation . . . ."

 Based on this evidence, the trial court was asked to determine the validity of the
contract and whether it had been breached. In his response to the motion for summary
judgment, Guerra argues that paragraph 1.2 is an "artful attempt to terminate" Guerra's
employment without following mandatory statutory procedures. SRISD contends that
paragraph 1.2 is a provision permitted by section 21.204(b) of the Texas Education Code. (5) 
See Tex. Educ. Code Ann. § 21.204(b) (Vernon 2006). It is undisputed that the contract
in question is a term contract. Id.

 SRISD's original petition sought a declaration of its rights under the contract,
pursuant to the Uniform Declaratory Judgments Act as now codified by sections 37.001-37.011 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann. §§
37.001-37.011 (Vernon 1997 & Supp. 2006). Section 37.004 provides:

 (a) A person interested under . . . written contract, or other writings
constituting a contract or whose rights, status or other legal relations are
affected by a contract . . . may have determined any question of construction
or validity arising under the instrument and obtain a declaration of rights,
status, or other legal relations thereunder.

 

 (b) A contract may be construed either before or after there has been a
breach.


 Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 1997).


 The question before us, which appears to be one of first impression, is whether
paragraph 1.2 of the contract is consistent with subchapter 21 of the education code. Guerra
cites a Commissioner of Education decision stating that a board cannot opt-out of chapter
21 of the education code. Delores Roberts-Quintyn v. Wilmer-Hutchins Independent School
District, Docket No. 195-R2-697 (Tex. Comm'r Educ. 1997). (6) Guerra also cites to Pacheco
v. Pharr-San Juan-Alamo ISD, Docket No. 027-R10-1200 (Tex. Comm'r Educ. 2002) ,which
held that under chapter 21, a district may only unilaterally end an employment relationship
with a term contract teacher if the district nonrenews or terminates the teacher's contract. 
Pacheco, Docket No. 027-R10-1200 at 2. To nonrenew a term contract, a board must give
a teacher timely notice of the proposed nonrenewal and give the teacher an opportunity for
a hearing. Id.; see Tex. Educ. Code Ann. §§ 21.206-21.208. To terminate a term contract,
a board must provide notice of proposed termination and give the teacher an opportunity for
a hearing before a certified hearing examiner. Pacheco, Docket No. 027-R10-1200 at 2; see
Tex. Educ. Code Ann. §§ 21.211, 21.251.

 While the nonrenewal provisions addressed in Pacheco are not applicable to
superintendents, chapter 21 contains a similar provision specifically for superintendents. 
See Tex. Educ. Code Ann. § 21.212. The pertinent part of section 21.212 provides:

 (a) The board of trustees of a school district may choose to not renew the
employment of a superintendent employed under a term contract, effective at
the end of the contract period. If a majority of the board of trustees determines
that the term contract of the superintendent should be considered for
nonrenewal, the board shall give the superintendent written notice, containing
reasonable notice of the reason for the proposed nonrenewal, not later than
the 30th day before the last day of the contract term.


Id.


 We find the analysis of Pacheco v. Pharr-San Juan-Alamo ISD to be persuasive and
conclude that the unilateral severance of Guerra's employment relationship with SRISD must
have been pursuant to either section 21.211 or section 21.212 of the education code. We
must determine whether the conduct of the board was consistent with either of these
provisions. The evidence upon which we rely in making this determination is the February
13, 2006 letter to Guerra since that is the only evidence before us that could arguably
constitute some form of notice to Guerra.

 The February 13, 2006, letter, which at the beginning references "Resignation," states
as follows:

 On February 6, 2006, the Board of Trustees voted as follows:

 I move that the superintendent be asked to submit his
resignation effective immediately, pursuant to paragraph 1.2 of
the superintendent's term contract, and that [sic] move that the
superintendent be placed on administrative leave with pay
effective immediately.


 You were present when the Board of Trustees cast this vote. To
date I have still not received your resignation.

 

 I hereby respectfully request that pursuant to your contract you
submit your resignation immediately (no later than 5:00 p.m.
February 17, 2006). If you fail to do so the Board of Trustees
reserves the right to declare you to have abandoned or
breached your contract, and may elect to cease further
payments under the agreement. The Board of Trustees also
reserves the right to file suit against you for breach of contract,
and seek attorney's fees as part of its damages.


 You helped draft the language for your contract with the district,
and the Board of Trustees expects you to abide by your
agreement.


The letter is signed by the board president. Clearly, this letter does not provide the requisite
notice under section 21.212 because it does not contain "reasonable notice of the reason
for the proposed nonrenewal." Thus, the Board's conduct does not qualify as a nonrenewal. 
Next, we consider whether it constitutes a termination.

 The applicable provision for termination is section 21.211, which governs termination
or suspension:

 (a) The board of trustees may terminate a term contract and discharge a
teacher at any time for:

(1) good cause as determined by the board; or

(2) a financial exigency that requires a reduction in personnel.


Id. § 21.211. 

 The conduct of the Board taken pursuant to paragraph 1.2 is fairly consistent with this 

provision. Although the notice requesting Guerra's resignation did not use the word
"termination," it is clear from the tone of the letter that SRISD intended to end Guerra's
employment. At this point, it was incumbent upon Guerra to seek a hearing before a hearing
examiner pursuant to section 21.251 which provides:

 (a) This subchapter applies if a teacher requests a hearing after receiving
notice of the proposed decision to:


 . . . .

 

 (2) terminate the teacher's probationary or term contract before the end of the
contract period; . . .


Tex. Educ. Code Ann. § 21.251(a)(2)(Vernon 2006) (emphasis added).

 Guerra admits he did not request a hearing under this subchapter. Further, although
the letter does not state the board's good cause, we do not believe this is fatal to SRISD. 
The education code does not define "good cause" in the context of termination of term
contracts. Tave v. Alanis, 109 S.W.3d 890, 894 (Tex. App.-Dallas 2003, no pet.). The
education code provides that the board may terminate a term contract and discharge a
teacher at any time for "good cause as determined by the board." Id.; Tex. Educ. Code Ann.
§ 21.211. Nowhere does it state that the notice given to the educator must state the good
cause. Appellant has not directed us to any authority, and we have found none, stating that
a school district is required to give an educator its "good cause" in its notice. (7) There is a
clear contrast between this provision and section 21.212 which requires that the reason for
termination be stated. See id. §§ 21.211, 21.212. The February 13, 2006, letter requested
that Guerra submit his resignation immediately. We conclude this letter fairly notified Guerra
of the Board's proposal to terminate his contract. (8)

 The trial court did not err in granting summary judgment. Guerra's issue is overruled. 
 IV. Conclusion


 We affirm the judgment of the trial court.

 

 

 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed 

this the 28th day of August, 2007.

1. A trial court has discretion to enter a declaratory judgment so long as it will serve a useful purpose
or will terminate the controversy between the parties. Bonham State Bank v. Beadle, 907 S.W.2d 465, 468
(Tex. 1995); see Tex. Civ. Prac. & Rem. Code Ann.§ 37.008 (Vernon 1997) (court may refuse to render
declaratory judgment if the judgment would not terminate the controversy). SRISD's petition sufficiently stated
a cause of action under the Uniform Declaratory Judgments Act to entitle it to a declaration of its status under
the contract. 
2. Guerra's pleading is actually entitled "Motion to Dismiss for Lack of Subject Matter Jurisdiction."
3. On appeal, Guerra makes detailed arguments that were not presented to the trial court. Because
our review mirrors that of a summary judgment, we consider only the plea and any evidence supporting the
plea. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). Moreover, this argument was not
presented to the trial court, and, therefore, we may not consider it on appeal. See City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 676 (Tex. 1979). 

 
4. Once again, Guerra makes arguments on appeal that were not presented to the trial court in his
response to the motion for summary judgment. Specifically, Guerra contends that paragraph 1.2 of the
contract must be construed as an election of remedies provision, by which he may elect to resign at the
request of the Board and receive severance pay, in lieu of requiring the Board to pursue termination by means
of the statutory procedures. Because our review is confined to the pleadings and evidence before the trial
court, we will not address this contention. See Tex. R. Civ. P. 166a. Further, such an interpretation
necessarily involves fact issues to determine the intent of the parties. Issues of fact supporting this contention
were not raised before the trial court.
5. Texas Education Code section 21.204 concerns term contracts, and provides: 


 (a) A term contract must be in writing and must include the terms of employment prescribed
by this subchapter.


 (b) The board of trustees may include in the contract other provisions that are consistent with
this subchapter.


 (c)Each contract under this subchapter is subject to approval by the board of trustees.

 

Tex. Educ. Code Ann. § 21.204 (Vernon 2006).
6. Opinions by the Commissioner of Education, although persuasive, are not controlling on the courts. 
Cf. Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 82 (Tex. 1997) (attorney general opinions
are persuasive but not controlling). 
7. We are cognizant that SRISD would be required to support its decision with good cause in a hearing
before a hearing examiner, however, because Guerra did not request a hearing, that issue is not before us. 
Our finding is limited to the requisites of the notice.
8. We are aware that Guerra submited a grievance on July14, 2006, when SRISD stopped paying him.
The grievance was denied as untimely. Guerra filed his petition for review with the Commissioner of
Education, pursuant to the education code. See Tex. Educ. Code Ann. § 7.057 (Vernon 2006). The parties
have represented that the matter is stayed pending this Court's decision. Because the trial court's order states
"the amount of severance compensation Guerra was entitled to is outside this litigation," we do not believe
that separate proceeding affects our decision.