Gene G. FARRIS, Appellant,

v.

FORT BEND INDEPENDENT SCHOOL DISTRICT and Michael Moses, Commissioner of Education, in his Official Capacity only, Appellees.

No. 01–98–00592–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2000.

Lorraine J. Yancey, Austin, for Appellant.

Myra C. Schexnayder, Houston, George Warner, Austin, for Appellees.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

In this administrative appeal, appellant, Gene Farris, appeals a judgment affirming the Commissioner of Education's ("Commissioner") decision to not to renew his term contract. We affirm.

### Facts

Farris was employed as a teacher with the Fort Bend Independent School District ("FBISD"). Farris was placed on administrative leave, and the FBISD Board of Trustees ("the Board") voted not to renew his one-year term contract.

When an employee faces nonrenewal of his teaching contract, he is entitled to a due process hearing. *Grounds v. Tolar I.S.D.,* 856 S.W.2d 417, 420 (Tex.1993). The Education Code provides that, in most attempts by a district to end or suspend a teacher's contract, a hearing, if requested, is to be before a certified hearing examiner. TEX. EDUC.CODE ANN. § 21.251 (Vernon 1996). An exception exists for nonrenewals of term contracts. Term contract districts *may* use the certified hearing examiner process for nonrenewals, but they are *not required* to:

> The hearing must be conducted in accordance with the rules adopted by the board. The board *may* use the process

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

established under Subchapter F.[1]

TEX. EDUC.CODE ANN. § 21.207(b) (Vernon 1996) (emphasis added). The Board's policy provides that the Board may determine, on a case-by-case basis, whether to conduct the hearing itself or to allow a certified hearing examiner to hear the case.

## Procedural History

In response to complaints from parents, FBISD began an investigation of Farris. Following the investigation, FBISD's Superintendent recommended to the Board that Farris's contract not be renewed. Farris was notified of that recommendation, and that the Board, pursuant to FBISD policy, would conduct any hearing on the proposed action to nonrenew his contract.

The Board later voted not to renew Farris's contract. The Board notified Farris its decision was based on: (1) deficiencies pointed out in observation, reports, appraisals or evaluations, supplemental memorandum, or other communications; (2) failure to comply with Board policies or administrative regulations; (3) failure to meet the District's standards for professional conduct; and (4) any activity, school-connected or otherwise, that, because of publicity given it, or knowledge of it among students, faculty, and community, impairs or diminishes the employee's effectiveness in the District. The Board again notified Farris it would conduct any requested hearing regarding its decision to nonrenew his contract and provided to him a written copy of FBISD's policy regarding nonrenewal of term contracts.

Despite such notice of the Board's intention to hold its own hearing, Farris filed a request with the Commissioner for the appointment of a hearing examiner to preside over his nonrenewal hearing. By fax, the Texas Education Agency informed the parties that the Board had three days to reply whether the district had elected to use the certified hearing examiner process. The letter further stated that if the Board did not respond within three days a certified hearing examiner would be assigned. The Board, however, did not timely respond that it had decided to conduct the hearing itself. As such, the Commissioner appointed Karen Meinardus to serve as the hearing examiner.

After receiving notice of Meinardus's appointment, the Board informed her of its policy and requested she dismiss the action. Meinardus advised the Board that she would dismiss the action if it had decided to conduct the hearing itself. However, even though the Board informed Meinardus it had decided to conduct the hearing itself, Meinardus entered an order setting Farris's proposed nonrenewal for a hearing, instead of dismissing the case. The Board rejected Meinardus's assertion of jurisdiction and set a hearing on Farris's proposed nonrenewal.

Farris voluntarily chose not attend or participate in the Board's hearing. Farris was later notified of the Board's decision to nonrenew his contract. Farris filed an appeal with the Texas Education Agency and the Commissioner challenging the Board's decision.

Meinardus also conducted a hearing on the proposed nonrenewal of Farris's term contract. The Board did not participate. Based on the Board's failure to appear, Meinardus found FBISD did not put forth sufficient evidence to support the nonrenewal of Farris's contract, and recommended his contract be renewed.

The Commissioner issued a decision denying Farris's appeal, finding the Board's actions were in accordance with the Education Code. The Commissioner concluded the Board had jurisdiction to conduct its hearing, and its decision was not arbitrary or capricious. The Commissioner further held Meinardus did not have jurisdiction to

---

1. Subchapter F sets forth the provisions for hearings before hearing examiners. Section 21.251(b)(2) provides Subchapter F does not apply to a decision to nonrenew a teacher's term contract unless the board has decided to use the process proscribed by this subchapter.

conduct the hearing. Finally, the Commissioner concluded the Board was required to compensate the hearing examiner and pay the costs of the court reporter at the hearing.

Farris subsequently filed a suit for judicial review of the Commissioner's decision. The trial court affirmed the Commissioner's decision upholding the nonrenewal of Farris's contract. The trial court, however, reversed the Commissioner's decision holding the Board liable for the costs of the hearing examiner and the court reporter. It is from these decisions Farris appeals.

### 1. Does the Education Code Prohibit a School Board from Deciding on a Case–By–Case Basis Whether to Conduct a Nonrenewal Hearing Itself or to Send it to a Hearing Examiner?

■ Farris contends the Board cannot decide on a case-by-case basis whether to conduct the hearing itself or to allow a hearing examiner to conduct the hearing on the nonrenewal of a teacher's term contract. Farris further argues the Board adopted the provisions to conduct hearings before hearing examiners, and, as such, must allow a hearing examiner to conduct the hearing on the nonrenewal of Farris's term contract. We disagree.

Under the Education Code, the Board is permitted to choose whether to conduct the nonrenewal hearing itself, or to allow the hearing to be conducted by a hearing examiner appointed by the Commissioner. Tex. Educ.Code Ann. § 21.251(b) (Vernon 1996). Therefore, the Board may make use of the hearing examiner process, but it is not compelled to do so. FBISD's policy provides that the Board will decide whether to conduct the hearing itself or have a hearing examiner conduct the hearing when a nonrenewal situation arises. Nothing in the Education Code prevents the Board from deciding, on a case-by-case basis, how to conduct the hearing when a teacher receives notice of nonrenewal.

In this case, the Board never elected to utilize the hearing examiner process. To the contrary, Farris was informed twice of the Board's policy and that the Board had decided to conduct any hearing on the nonrenewal of his contract. As such, the Board pursuant to its policy, properly decided to conduct the hearing itself when the nonrenewal situation arose. Therefore, we hold the district court did not err in finding the Board was permitted to choose on a case-by-case basis whether a teacher's nonrenewal hearing would be conducted by the Board or by a hearing examiner appointed by the Commissioner.

### 2. Did the District's Delay in Notifying the Commissioner that the Board Intended to Conduct the Hearing Itself Deprive the Board of Jurisdiction?

■ At the time Farris was informed of the Superintendent's recommendation that his contract not be renewed, Farris was notified that the Board, pursuant to FBISD policy, would conduct any hearing on the proposed action to nonrenew his contract. Farris was again informed the Board would conduct any requested hearing when Farris was notified that the Board voted not to renew his contract. Additionally, Farris was given a written copy of FBISD's policy regarding the nonrenewal of term contracts.

Despite his knowledge of the Board's intentions, Farris requested the Commissioner appoint a certified hearing examiner to conduct the hearing concerning the proposed nonrenewal of Farris' contract. Upon Farris's request, the Texas Education Agency informed the parties that the Board had three days to assert whether the district had elected to use the certified hearing examiner process. The Agency also informed the parties that "[i]n the absence of a response, a certified hearing examiner will be assigned to this matter on the third day." Although the Board planned to conduct the hearing itself, the

Board did not timely respond to the Agency, and a certified hearing examiner was assigned.[2] Although the Board did not timely respond to the Agency, such delay does not deprive the Board of jurisdiction. Jurisdiction vested in the Board when it notified Farris that it would conduct a hearing on the proposed nonrenewal of his contract. Additionally, the Board's failure to timely assert it would conduct the hearing itself did not waive the Board's argument that the certified hearing examiner lacked jurisdiction. The Board's delay merely meant the Board had to argue the hearing examiner's lack of jurisdiction to the hearing examiner, instead of to the Agency. As such, we conclude the district's delay in notifying the Commissioner that the Board intended to conduct the hearing itself did not deprive the Board of jurisdiction.

### 3. Does the Board's Policy of Deciding on a Case–By–Case Basis How to Conduct the Nonrenewal Hearings Violate Due Process or Equal Protection?

█ Farris argues the Board's policy that it may choose, on a case-by-case basis, whether to hear a nonrenewal or to have a certified hearing examiner hear the case violates due process and equal protection. We disagree.

The Education Code provides two types of hearings: those conducted by the Board and those conducted by an independent hearing examiner. Both types of hearings allow a teacher to present evidence on their own behalf. As each type of hearing complies with due process requirements, the fact that the Board may choose which type of hearing to conduct is irrelevant. Farris received notice of the proposed nonrenewal of his contract and was provided the opportunity for a hearing before the Board.[3] As such, there was no violation of due process.

**2.** The Board contends that its reply was not untimely.

█ Additionally, there was no equal protection violation. Equal protection requires that similarly situated individuals be treated in the same manner. *Clements v. Fashing,* 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *Burger v. State,* 920 S.W.2d 433, 437 (Tex.App.— Houston [1st Dist.] 1996, pet. ref'd.). In all nonrenewal matters, the Board decides whether to conduct the hearing itself or to send it to a hearing examiner when the nonrenewal situation arises. As such, all teachers faced with a nonrenewal situation are treated in the same manner, and there is no equal protection violation.

### 4. Is the Commissioner's Decision Supported By Substantial Evidence?

█ Farris contends the Commissioner erred in affirming the action of the Board because the decision is not supported by substantial evidence. We disagree.

█ Section 21.307(e) provides that "[t]he court shall, under the substantial evidence standard of rule, review the evidence on the evidentiary record made at the local level and any evidence taken by the commissioner." TEX. EDUC.CODE ANN. § 21.307(e) (Vernon 1996). According to the substantial evidence rule, we must first consider whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the Commissioner. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988). We may not substitute our judgment for that of the Commissioner and may consider only the record on which the Commissioner reached his decision. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). The appealing party bears the burden of demonstrating a lack of substantial evidence. *Id.* at 453. The appealing party cannot meet this burden merely

**3.** Although Farris was provided the opportunity to attend the hearing conducted by the Board, he voluntarily chose not to attend.

by showing that the evidence preponderates against the agency decision. *Id.* at 452. If substantial evidence would support either affirmative or negative findings, we must uphold the agency decision and resolve any conflicts in favor of the agency decision. *Auto Convoy v. Railroad Comm'n,* 507 S.W.2d 718, 722 (Tex.1974).

The evidence presented at the Board's hearing on the nonrenewal of Farris's term contract reveals that several parents with children in Farris's class made reports to Farris's principal that Farris made inappropriate comments to students. One student testified he was embarrassed by a comment with sexual overtones made to him by Farris. Another student testified Farris often made demeaning comments to students during class. Additionally, several students testified they were scared by comments made by Farris. The Board also considered FBISD's investigative findings concluding Farris's classroom behavior failed to meet FBISD's standards of conduct, violated FBISD policy, and impaired his ability to be an effective teacher.

After reviewing the record, we find that the Commissioner's decision affirming the Board's nonrenewal of Farris's contract is supported by substantial evidence. Therefore, the district court did not err in affirming the Commissioner's decision.

### 5. Did the Commissioner Comply with the Education Code's Finding of Facts and Conclusions of Law Requirements?

Farris contends there is not substantial evidence to support the Commissioner's decision because the Commissioner failed to make findings of fact and conclusions of law in accordance with section 21.304(a) of the Education Code. This section provides:

> The commissioner's decision must be in writing and must include findings of fact and conclusions of law. The commissioner may adopt by reference and incorporate findings of fact or conclusions of law from the local record.

TEX. EDUC.CODE ANN. § 21.304(a) (Vernon 1996). We reject this argument because the Commissioner made findings of fact and conclusions of law as required by section 21.304(a).

### 6. Termination of the Hearing Examiner and Payment of the Court Reporter

Farris first argues the Board's decision to terminate the hearing examiner violated section 21.255(e) of the Education Code. Section 21.255(e) provides:

> The school district shall bear the costs of the services of the hearing examiner and certified shorthand reporter at the hearing and the production of any original hearing transcript. Each party shall bear its respective costs, including the costs of discovery, if any, and attorney's fees.

TEX. EDUC.CODE ANN. § 21.255(e) (Vernon 1996). We reject Farris's assertion because section 21.255(e) does not address the termination of a certified hearing examiner.

Farris also argues the Board's refusal to pay the court reporter from the hearing before Meinardus violates section 21.255(e). Farris, however, does not have standing to raise this argument on appeal. A party may not complain of alleged errors on appeal that do not cause him injury. *Nootsie v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996). Farris has not shown how he was injured by the Commissioner's decision that the Board should pay the costs of the court reporter. Absent some injury to Farris, he lacks standing to raise this argument on appeal.

### 7. Did the Commissioner have Jurisdiction?

Farris contends the Commissioner did not have jurisdiction to uphold the actions of the Board before Meinardus issued her decision on the nonrenewal of Farris's contract. Farris asserts the Com-

missioner's "premature" decision violated section 21.301(a) of the Education Code,[4] which provides:

> Not later than the 20th day after the date the board of trustees or board sub-committee announced its decision under Section 21.259 or the board advises the teacher of its decision not to renew the teacher's contract under 21.208, the teacher may appeal the decision by filing a petition for review with the commissioner.

TEX. EDUC.CODE ANN. § 21.301(a) (Vernon 1996). Farris argues once the Commissioner appointed a hearing examiner, the Commissioner no longer had jurisdiction to issue an opinion on the nonrenewal of his contract. We disagree.

The Board issued its decision not to renew Farris's contract on March 24, 1997. Within 20 days, and in accordance with section 21.301(a), Farris filed an appeal with the Commissioner challenging the Board's action. Once Farris filed his appeal, the Commissioner was vested with jurisdiction to decide the merits of the Board's action. TEX. EDUC.CODE ANN. § 21.209 (Vernon 1996) (authorizing Commissioner to review decisions of boards of trustees of independent school districts). Therefore, we conclude the Commissioner had jurisdiction to issue his opinion before a decision by Meinardus.

We affirm the judgment of the trial court.

---

4. Farris also cites to sections 21.257, 21.258 and 21.259 in support of this argument. However, because FBISD did not elect to utilize the procedures of Subchapter F, these sections are not applicable to the present dispute. TEX. EDUC.CODE ANN. § 21.251(b)(2) (Vernon 1996).