ACCEPTED
05-14-01165-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
4/13/2015 4:02:52 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 4/13/15
Lisa Matz, Clerk

NO. 05-14-01165-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS, TEXAS

_____

SYLVIA ORTIZ, *Appellant*

v.

COMMISSIONER OF EDUCATION, *Appellee/Cross-Appellee*
and PLANO INDEPENDENT SCHOOL DISTRICT, *Appellee/Cross-Appellant*

_____

*On Appeal from the 429th District Court, Collin County,
Texas Trial Court Cause No. 429-00459-2014*

_____

**APPELLEE/CROSS-APPELLEE COMMISSIONER WILLIAMS'
RESPONSE TO BRIEF OF APPELLANT ORTIZ
AND
RESPONSE TO BRIEF OF CROSS-APPELLANT PLANO I.S.D.**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAME E. DAVIS
Deputy Attorney General for Defense
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

ROBIN SANDERS
Assistant Attorney General
Texas Bar No. 09310900
Office of the Texas Attorney General
Administrative Law Division
P. O. Box 12548
Austin TX  78711-2548
Phone:  (512) 475-4005
Fax: (512) 320-0167
robin.sanders@texasattorneygeneral.gov

**COUNSEL FOR APPELLEE/CROSS-APPELLEE
COMMISSIONER OF EDUCATION**

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

TABLE OF AUTHORITIES ........................................................................ iv

STATEMENT OF CASE ............................................................................ vii

STATEMENT REGARDING ORAL AGRUMENT ........................................... vii

ISSUES PRESENTED................................................................................ viii

STATEMENT OF FACTS ...............................................................................2

STANDARD OF REVIEW ..............................................................................2

COMMISSIONER'S DETERMINATION OF "GOOD CAUSE"...........................4

    A.    Grounds rejected by the Commissioner .........................................4

        1.    Absence of sufficient notice to Ortiz (Ortiz's issues 1-3, Plano's cross-issues 1 and 2)..............................................................5

        2.    Waiver by offer of new term contract (Ortiz's issues 1 and 3, Plano cross-issues 1 and 3)..............................................................9

        3.    Absolute privilege for statements in judicial proceeding (Ortiz's issues 1 – 3, Plano's cross-issue 4):.......................................13

        4.    Hearing Examiner's Evidentiary Rulings (Ortiz's issues 1 – 3, Plano's cross-issue 6) .........................................................15

            a.    The investigative reports...........................................15

            b.    The hearsay contained within the investigative reports............17

            c.    Expert Issues .............................................................18

5. Allegations without supporting factual findings (Plano's cross-issue 5) ...................................................................20

6. Summary of Response to Plano I.S.D. .................................................20

B. Grounds accepted by the Commissioner ......................................................21

1. The March 23, 2012, agreement (Ortiz's issues 1, 4) .........................22

2. Ortiz's recorded communications with student (Ortiz's issue 1)........23

CONCLUSION AND PRAYER ...........................................................................24

CERTIFICATE OF COMPLIANCE.....................................................................26

CERTIFICATE OF SERVICE .............................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Aleman v. Edcouch Indep. Sch. Dist.,* 982 F.Supp.2d 729 (S.D. Tex. 2013) ......2, 22

*Auto Convoy v. R.R. Comm'n*, 507 S.W.2d 718 (Tex. 1974) ...................................4

*Bird v. W.C.W.*, 868 S.W.2d 767 (Tex. 1994) ..........................................................14

*Farris v. Fort Bend Indep. Sch. Dist.*, 27 S.W.3d 307 (Tex. App.—Houston [1st Dist.] 2000, no pet.) .......................................................... 2, 3, 4

*First Sw. Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954 (Tex. App.— Texarkana 1989, writ denied)....................................................................17

*Flores v. Fourth Court of Appeals*, 777 S.W.2d 38 (Tex. 1989)............................16

*Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56 (Tex. App.— Houston [14th Dist.] 2004, no pet.)..............................................................19

*Grigsby v. Moses*, 31 S.W.3d 747 (Tex. App.—Austin 2000, no pet.)...................13

*Guerra v. Santa Rosa Indep. Sch. Dist.*, 241 S.W.3d 594 (Tex. App.— Corpus Christi, 2007, pet. denied)..................................................................8

*Heritage on the San Gabriel Homeowners Ass'n v. Tex. Comm'n on Envtl. Standards*, 393 S.W.3d 417 (Tex. App.—Austin, 2012, pet. denied)............3

*Hernandez v. Hayes*, 931 S.W.2d 648 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ................................................................................14

*James v. Brown*, 637 S.W.2d 914 (Tex. 1982) .......................................................14

*Laub v. Pesikoff*, 979 S.W.2d 686 (Tex. App.—Houston [1st Dist.] 1998, pet denied) ...................................................................................14

*Matthews v. Scott*, 268 S.W.3d 162 (Tex. App. –Corpus Christi 2008, no pet.) .............................................................................. 2, 3, 5, 21

*Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559 (Tex. 2000) ........... 3, 4, 20

*Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex. 1993) ...................................16

*Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491 (Tex. 1988).............7

*Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909 (Tex. 1942) ...........................14

*SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347 (Tex. 1995) ...........................6

*Tex. Alcoholic Beverage Comm'n v. Twenty Wings, Ltd.*, 112 S.W.3d 647
        (Tex. App.—Fort Worth 2003,  rev. denied)...................................................3

*Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*,
        665 S.W.2d 446 (Tex. 1984) ........................................................... 2, 3, 5, 21

*Tex. State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114
        (Tex. 1988), *cert. denied*, 490 U.S. 1080, 109 S. Ct. 2100 (1989) .............2, 3

**Statutes**

Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.............................6

Tex. Educ. Code § 11.1513.......................................................................................12

Tex. Educ. Code § 21.204.........................................................................................12

Tex. Educ. Code § 21.256 (d) ...................................................................................15

Tex. Educ. Code § 21.256 (e) ...................................................................................15

Tex. Educ. Code § 21.257(a)(2)(a-1).........................................................................19

Tex. Educ. Code § 21.307 (e) ................................................................................2, 22

Tex. Educ. Code § 21.307 (f).......................................................................................3

Tex. Educ. Code § 21.307 (g) ....................................................................... 3, 5, 21

**Rules**

Tex. R. Civ. 702 .................................................................................. 18, 19

Tex. R. Civ. Pro. 45 ....................................................................................9

Tex. R. Evid. 803 (6).................................................................................15

Tex. R. Evid. 803 (8).................................................................................15

Tex. R. Evid. 805 .....................................................................................17

**Commissioners' Decision**

*Fort Worth Indep. Sch. Dist. v. Edmon*, Docket No. 040-LH-1203
    (Comm'r Educ. 2004)...........................................................................8, 9

*Gibson v. Tatum Indep. Sch. Dist.,* Docket No. 040-R2-1099
    (Comm'r Educ. 1999)..............................................................................6

*Goodfriend v. Hous. Indep. Sch. Dist..*, Docket No. 079-R2-703
    (Comm'r Educ. 2003)..............................................................................10

*Kinsey v. Quinlan Indep. Sch. Dist.*, Docket No. 104-R2-598
    (Comm'r Educ. 1998)..............................................................................6

## STATEMENT OF CASE

Commissioner Williams agrees with Appellant Ortiz's statement of the procedural history of the case.

## STATEMENT REGARDING ORAL AGRUMENT

Commissioner Williams believes the issues presented by this case are controlled by settled principles of law and that oral argument would not be of significant benefit to the court. Accordingly, the Commissioner does not request oral argument.

## ISSUE PRESENTED

Whether substantial evidence supports Plano Board of Trustees' decision, as affirmed by the independent hearing officer, the Commission of Education and the district court, to terminate appellant Ortiz's teaching contract.

NO. 05-14-01165-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS, TEXAS

_____

SYLVIA ORTIZ, *Appellant*

v.

COMMISSIONER OF EDUCATION, *Appellee/Cross-Appellee*
and PLANO INDEPENDENT SCHOOL DISTRICT, *Appellee/Cross-Appellant*

_____

*On Appeal from the 429th District Court, Collin County,*
*Texas Trial Court Cause No. 429-00459-2014*

_____

**APPELLEE/CROSS-APPELLEE COMMISSIONER WILLIAMS'
RESPONSE TO BRIEFS OF
APPELLANT ORTIZ AND CROSS-APPELLANT PLANO I.S.D.**

COMES NOW Michael Williams, State Commissioner of Education ('the Commissioner"), by and through his attorney of record Ken Paxton, Attorney General of Texas, and the undersigned Assistant Attorney General, and files his brief in response to the briefs filed by Appellant Ortiz and Cross-appellant Plano Independent School District. For the reasons set forth herein, the Commissioner respectfully requests that this court affirm the trial court's decision affirming termination of Ortiz's teaching contract.

1

## STATEMENT OF FACTS

Commissioner Williams agrees with Appellee/Cross-appellant Plano Independent School District's statement of facts.

## STANDARD OF REVIEW

The substantial evidence rule governs this court's review of the Commissioner's decision. Tex. Educ. Code § 21.307 (e). Under substantial evidence review, the court is not allowed to substitute its judgment for that of the Commissioner *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446 (Tex. 1984); *Farris v. Fort Bend Indep. Sch. Dist.*, 27 S.W.3d 307 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Instead, the court's task is to consider whether the evidence as a whole[1] is such that reasonable minds could have reached the same conclusion as the Commissioner. *Tex. State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988), *cert. denied*, 490 U.S. 1080, 109 S. Ct. 2100 (1989); *Matthews v. Scott*, 268 S.W.3d 162, 172 (Tex. App. – Corpus Christi 2008, no pet.); *Farris,* 27 S.W.3d at 311. The evidence may preponderate *against* the agency's decision but still amount to substantial evidence. *Matthews*, 268 S.W.3d at 172. Substantial evidence required to support the agency's decision need only be more than a scintilla. *Tex. Alcoholic Beverage Comm'n v.*

---

[1] The court is limited to consideration of the administrative record from the proceedings below. Tex. Ed. Code § 21.307 (e); *Aleman v. Edcouch Indep. Sch. Dist.,* 982 F.Supp.2d 729, 740-41 (S.D. Tex. 2013) (reviewing court may not receive evidence outside the administrative record).

2

*Twenty Wings, Ltd.*, 112 S.W.3d 647, 650 (Tex. App.—Fort Worth 2003, pet. denied).

Reversal of the administrative decision is allowed only if the decision is not supported by substantial evidence or the Commissioner's conclusions of law are erroneous. *Id.*, Tex. Educ. Code § 21.307 (f); *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000). Even if the court determines that the commissioner's decision is based on an error or a procedural irregularity, reversal is allowed only if the court determines that the irregularity or error likely led to an erroneous decision. *Id.*, § 21.307 (g); *Charter Med.-Dall. Inc.*, 665 S.W.2d at 452; *Matthews*, 268 S.W.3d at 172 (Commissioner's reasoning immaterial if conclusion is correct). Courts are hesitant to disturb the findings of the Commissioner in areas in which he enjoys considerable authority and expertise. *Id.*

The party seeking to disturb the Commissioner's decision bears the burden of demonstrating the absence of substantial evidence. *Sizemore*, 759 S.W.2d at 116; *Matthews*, 268 S.W.3d at 172. This burden is a heavy one,[2] not met merely by a showing that the evidence preponderates in favor of the appealing party. *Charter Med.-Dall., Inc.*, 665, S.W.2d at 452; *Farris*, 27 S.W.3d at 311-312. If substantial evidence would support either decision, the agency's decision will be upheld. *Auto*

---

[2]    *Heritage on the San Gabriel Homeowners Ass'n v. Tex. Comm'n on Envtl. Standards*, 393 S.W.3d 417, 424 (Tex. App.—Austin, 2012, pet. denied).

3

*Convoy v. R.R. Comm'n*, 507 S.W.2d 718, 722 *(Tex. 1974); Farris*, 27 S.W.3d at 312. The factfinder—here the hearing examiner—is the sole judge of witnesses' credibility and the weight to be given their testimony, and is free to resolve any inconsistencies in the testimony presented. *Montgomery Indep. Sch. Dist.*, 34 S.W.3d at 567.

## COMMISSIONER'S DETERMINATION OF "GOOD CAUSE"

### A. Grounds rejected by the Commissioner

The Commissioner of Education and Plano Independent School District agree that good cause supports the district's decision to terminate Ortiz. Nonetheless, Plano insists that several elements of the Commissioner's decision require correction because they are either not supported by substantial evidence or constitute errors of law. The grounds the Commissioner rejected included: absence of sufficient notice to Ortiz; district waiver by entering into a new term contract; absolute privilege for statements Ortiz made in the course of judicial proceedings; erroneous evidentiary rulings by the independent hearing examiner;[3] and allegations not supported by the hearing examiner's factual findings.

---

[3] These include erroneous admission of the district's investigative reports, expert reports and testimony, and hearsay.

4

The exercise of parsing the Commissioner's basis for affirming Ortiz's termination is of limited value, at best. Even if the court determines that the commissioner's decision was based on a legal error or a procedural irregularity, reversal is allowed only if the court determines that the irregularity or error likely led to an erroneous decision. *Id.*, § 21.307 (g); *Charter Med.-Dall., Inc.*, 665, S.W.2d at 452; *Matthews*, 268 S.W.3d at 172 (Commissioner's reasoning immaterial if conclusion is correct). That is, if Ortiz's termination was appropriate on the record as a whole, any legal errors the Commissioner made are irrelevant to the outcome of this appeal.

Nonetheless, because these issues form a substantial portion of points raised by both appellant Ortiz and cross-appellant Plano, the Commissioner's alleged errors raised by Plano will be addressed in sections 1-5, *infra*.

1.     <u>Absence of sufficient notice to Ortiz</u> (Ortiz's issues 1-3, Plano's cross-issues 1 and 2)

The Commissioner determined that the district failed to provide Ortiz adequate notice of several of the allegations upon which Plano seeks to rely to establish good cause. R.R. 3, 176-78, 130-32.[4] Plano contends that the Commissioner erred in finding that the following allegations were inadequately

---

[4]   "R.R." refers to Reporter's Record *volume*. The page numbers following refer to the Adobe Reader page numbers in which the reference is found.

    In contrast, "R.R. Pt. ___" refers to one of the six (6) parts compromising Reporter's Record, Exhibit 11. Thus reference to those documents will be "R.R. Pt. ___, [Adobe Reader page reference]."

5

noticed: Ortiz's insubordination during interactions with her principal; Ortiz's unprofessional email correspondence with a parent/vice principal; and Ortiz's FERPA violations.[5] Plano's Brief, 64-68.

Ortiz actually received two notice of termination letters from the district. R.R. Pt. 3, 158-167, 173-182. The letters, which purported to contain (by reference to their attachments) the basis for Ortiz's proposed termination, focused on conduct or behaviors other than insubordination, the unprofessional emails and the FERPA violations. *Id.* Though both letters included the Melton and AL&L reports by reference, those reports likewise failed to address the issues of insubordination, unprofessional emails and FERPA violations. R.R. Pt. 1, 313-324, 402-426. The Commissioner held that, absent notice of these alleged violations, they could not constitute "good cause" for her termination. R.R. 3, 176-78, 130-32.

In an appeal to the Commission, a letter of proposed termination is treated as a pleading. *Gibson v. Tatum Indep. Sch. Dist.,* Docket No. 040-R2-1099 (Comm'r Educ. 1999)*, Kinsey v. Quinlan Indep. Sch. Dist.*, Docket No. 104-R2-598 (Comm'r Educ. 1998). Texas law requires that a pleading provide enough facts to allow a party fair and adequate notice of the claims involved and the ability to prepare a defense. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995).

---

[5] "FERPA" is the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

Apparently conceding that these events—insubordination, unprofessional emails and FERPA violations-- were not directly referenced in either of the district's notice letters to s, P.I.S.D. nonetheless argues that notice was adequate.

First, P.I.S.D. argues that, because Ortiz failed to specially except to the pleadings, defects are waived. Plano's Brief at 64-65, 67. While it is true that special exceptions are required to challenge the sufficiency of a pleading, the Commissioner does not contend that the pleadings—here, the notice letters—are insufficient to support good cause.[6] Instead, the Commissioner contends that the letters are insufficient to alert a reasonable person that the alleged insubordination, inappropriate communication with a parent and FERPA violations are part of the district's factual basis for good cause. R.R. 3, 176-78, 130-32. The purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable him to prepare a defense. *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). It is contrary to logic to suggest that an individual is required to specially except to the *exclusion* of any conceivable misdeeds from the allegations against him.

Second, Plano argues that notice of the factual basis for good cause is not required. Plano's Brief at 65. In 2007, the Corpus Christi Court of Appeals stated

---

[6]  Texas Rule 45 describes this as "fair notice of the claim involved."

7

that the district's notice need not contain a recitation of good cause. *Guerra v. Santa Rosa Indep. Sch. Dist.*, 241 S.W.3d 594, 603-04 (Tex. App.—Corpus Christi, 2007, pet. denied). The court did not address notice requirements when an educator requests a due process hearing, nor did the court address the application of Rule 45 notice pleading requirements to that proceeding. *Guerra*, 241 S.W.3d at 604, n. 7.

In *Guerra*, the district made no effort to include incidents of good cause in its notice; instead, it simply directed the superintendent to submit his resignation. *Guerra*, 241 S.W.3d at 603. Therefore, the facts of *Guerra* stand in sharp contrast to the circumstances presented here, in which the Ortiz was provided two notice letters, both with lengthy attachments. R.R. Pt. 3, 158-167, 173-182; R.R. Pt. 1, 313-324, 402-426. Indeed, the April 3, 2013, letter stated that the Board proposed to terminate Ortiz's employment "based upon the reasons outlined in the attached letter." R.R. Pt. 3, 158. Even if the facts or behaviors constituting good cause need not be identified in the notice letter, if facts or behaviors *are* identified in the notice, fairness demands that the identification be complete.

Further, Plano argues that any deficiency in the notice letters was cured by inclusion of the (insufficiently noticed) allegations in the district's pre-hearing discovery responses and expert reports. Plano's Brief at 66. *Fort Worth Indep. Sch. Dist. v. Edmon*, the case upon which Plano relies to establish that discovery is an adequate substitute for notice, is a hearing examiner opinion of no precedential

8

value. *Fort Worth Indep. Sch. Dist. v. Edmon*, Docket No. 040-LH-1203 (2004). The Commissioner has not adopted the view that information exchanged in discovery is an adequate substitute for notice.

Finally, Plano argues that the district *did*, in fact, provide Ortiz adequate notice of the facts supporting her termination. Plano's Brief at 66-67. Plano explains that its notice was sufficient because, using insubordination as an example, the May 7 letter incorporates by reference the AL&L report, which, in turn, incorporates the Parks report, which addresses the alleged insubordination. *Id.* It is the Commissioner's judgment that such multi-layered incorporation by reference is not the "plain and concise language" required by Rule 45 and that Plano's construction is inconsistent with the requirement that "pleadings shall be construed so as to do substantial justice." Tex. R. Civ. P. 45.

2. <u>Waiver by offer of new term contract</u> (Ortiz's issues 1 and 3, Plano cross-issues 1 and 3)

Even if Ortiz had received sufficient notice of alleged insubordination toward Principal Gober, unprofessional emails and FERPA violations, the district waived these grounds by offering Ortiz a new term contract after it was aware of these alleged acts of misconduct. [7] R.R. 3, 178-81, 132-35. Generally, a school district

---

[7] The Commissioner observes that the inappropriate emails to the parent/vice-principal, which were directly copied to two high school principals and two vice-principals, "were so inappropriately venomous that they alone could have served as the basis for disciplinary action against [Ortiz]." R.R. 3, 180, 134. The email exchange between parent/administrator and teacher may be found at R.R. Pt. 1, 150-53.

9

cannot take action against a teacher's contract for his or her conduct in a prior school year because the district has waived the ability to complain by offering the teacher a new contract. *Goodfriend v. Hous. Indep. Sch. Dist..*, Docket No. 079-R2-703 (Comm'r Educ. 2003). The presumption of waiver is particularly strong in cases involving term contracts (as opposed to continuing contracts), like Plano's contract with Ortiz.[8] *Id.*

In this case, the misbehaviors to which waiver applies all occurred well in advance of the district's April 2012 offer of a term contract renewal. The first FERPA violation occurred in September 2010 (R.R. 3, 180-81, 134-35); the acts of insubordination toward Gober occurred between October 2011 and January 2012 (*Id.*, 179, 133), and the second FERPA violation (*Id.*, 181, 135) and inappropriate communication with the parent/vice-principal occurred in February 2012. *Id.*, 180, 134; R.R. Pt. 1, 150-53. Several of Ortiz's administrators were either directly involved in the events or became aware of them, yet they took no disciplinary or remedial action against Ortiz. R.R. 3, 179, 133.

Plano seeks to avail itself of an exception to the presumption of waiver that applies when, at the time of the contract renewal, a district has started but not

---

[8] Plano attempts to use *Goodfriend* to its advantage by extracting its reference to contracts of more than one year presenting a weaker case for waiver. Plano's Brief at 68, n. 6. Plano's attempt is unavailing and its reference misleading. The language upon which Plano relies is, in full: "[I]f the term of the contract is for greater than one year *and the district, therefore, does not offer the teacher a new contract*, there is a weaker case for waiver." *Goodfriend* at 3 (emphasis supplied).

completed an investigation. Plano's Brief, 68-69. However, this exception is not available to Plano on the facts presented. The investigation underway at the time of Ortiz's contract renewal, the Parks investigation, was aimed at investigating Ortiz's allegations against Gober, not vice versa. R.R. 3, 179-80, 133-34. The district took no action to investigate Ortiz until *after* her contract renewal in April 2012 (and her district court filing against the district and Gober in May 2012). *Id.*; R.R. Pt. 2, 269-285.

Plano also suggests that the ex parte temporary restraining order Ortiz obtained against the district, because it prohibited "adverse action" against Ortiz, prevented it from non-renewing her contact. Plano Brief, 69. However, this argument ignores the fact that renewal of Ortiz's contract occurred before entry of the TRO; the contract extension occurred on April 17, 2012 (R.R. 3, 179, 133) and the temporary restraining order was entered the following month. R.R. Pt. 3, 154-55. It was actually Ortiz's obtaining a TRO against the district in mid-May 2012 that seemed to turn[9] the investigation from Ortiz's allegations against Gober to the district's allegations against Ortiz. R.R. 3, 186, 140.

Finally, Plano argues that waiver should not apply to Ortiz's pre-April 2012 misdeeds because the district's superintendent and/or board of trustees were not

---

[9]     The Commissioner's decision describes this change of emphasis following the temporary restraining order as a "pivot." R.R. 3, 186, 140.

11

aware of them at the time of renewal. Plano's Brief, 68-69. The administrative record offers no factual support for this notion, and Plano's brief offers no legal support of it. While, ultimately, the district superintendent makes employment recommendations (Tex. Educ. Code § 11.1513) and the board approves term contracts (Tex. Educ. Code §21.204), campus managers—principals and assistant principals—are first-line supervisors who make employment recommendations for their professional staff. Indeed, in a district the size of Plano,[10] common sense compels the conclusion that input from campus managers is essential to employment decisions.

In this case, prior to the renewal of her contract, Ortiz's insubordination, unprofessional emails and FERPA violations were well-known to district managers. R.R. 3, 178-181, 132-135. Her insubordination was, of course, known to her principal, Courtney Gober, to whom she was insubordinate. *Id.* Her unprofessional emails with a parent were known to her campus administrators, to the parent (who was a vice principal at another campus) and to other campus administrators where the parent worked. *Id.* Finally, Principal Gober knew of two of Ortiz's FERPA violations, and administrators at the other campus knew of one. *Id.*

---

[10] According to the district website, http://pisd.edu/schools, the district has 70 schools, 7,000 employees and over 55,000 students.

In the instant case, a teacher with two years remaining on her contract was offered an extension of an additional year (Plano's Brief, 68, n. 6) months after her campus managers had direct knowledge of her inappropriate behaviors. This situation presents a prototypical example of waiver. See *Grigsby v. Moses*, 31 S.W.3d 747, 749-50 (Tex. App.—Austin 2000, no pet.) (waiver occurs when the party possessing the right relinquishes it, acts in a manner inconsistent with an intent to claim it, or fails to act in a manner consistent with an intent to claim it). The Commissioner correctly determined that allegations of insubordination, inappropriate communication with a parent and FERPA violations were allegations the district waived by renewing Ortiz's contract in April 2012. R.R. 3, 178-181, 132-135.

3.  Absolute privilege for statements in judicial proceeding (Ortiz's issues 1 – 3, Plano's cross-issue 4):

In its second notice letter, dated May 8, 2012, the district notified Ortiz that it intended to use discrepancies in statements she had made under oath in her lawsuit to demonstrate that she had violated board policies by lying. R.R. Pt. 2, 254-64. The hearing examiner found that the district's evidence on this issue demonstrated a number of violations, including but not limited to false statement and falsifying records. R.R. Pt. 3, 979-80.

However, the Commissioner correctly held that the hearing examiner improperly admitted this evidence. A person enjoys an absolute privilege for

13

communications made during a judicial proceeding. *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994); *Hernandez v. Hayes*, 931 S.W.2d 648, 654 (Tex. App.—San Antonio 1996, writ denied). Texas courts have applied the privilege expansively, focusing on its underlying policy encouraging full and free disclosure from witnesses. *Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex. 1994), citing *James v. Brown*, 637 S.W.2d 914, 917 (Tex. 1982) ; *Laub v. Pesikoff*, 979 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1998, pet denied) ("Texas courts have consistently applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim"). So jealously is this principle guarded that it remains inviolate *even when the speaker utters or publishes the false language with express malice*. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942) (emphasis supplied).

Because, like any other litigant, Ortiz enjoys an absolute privilege for statements made in the course of judicial proceedings, those statements cannot form the basis of the district's termination of her contract.[11]

---

[11] Plano advances the argument that Ortiz's lawsuit was only one of several formats in which Ortiz made false statements about district employees. Plano's Brief at 72. While a district may sanction its employees for lying during an internal investigation, the Commissioner found that there was no indication Ortiz made false statements to any of the investigators during the course of the district's several investigations. R.R. 3, 183, 137.

4. Hearing Examiner's Evidentiary Rulings (Ortiz's issues 1 – 3, Plano's cross-issue 6)

a. The investigative reports

The Commissioner rejected the grounds for termination Plano presented solely through improperly admitted evidence. R.R. 3, 184, 138. These grounds were: Ortiz's statements to students regarding Gober; and her attempts to influence students' statements in the investigation and litigation process. *Id.* The only evidence of these communications[12] came from improperly admitted investigative reports (and the statements contained within those reports). R.R. 3, 184-86, 138-40.

An independent hearing examiner conducting a Chapter 21 case is required to follow the Texas Rules of Evidence. Tex. Educ. Code §§ 21.256 (d), (e). Investigation reports are hearsay, but they are subject to exceptions if: they are shown to be either business record or government records; *and* there is no indication indicating a lack of trustworthiness. Tex. R. Evid. 803 (6), (8). The reports in which Ortiz's interactions with students were contained were not business records because they were not made in the ordinary course of business of the district.[13] See, Tex. R. Civ. 803 (6). They were, instead, created in anticipation of litigation with Ortiz. R.R. 3, 186, 140. Documents and reports created in anticipation of litigation are not admissible under the hearsay exceptions because they lack trustworthiness. *Nat'l*

---

[12] The conversation with a student that Ortiz recorded and provided to AL&L was introduced in support of other allegations, which are discussed separately in Section B(2)., *infra*.

15

*Tank Co. v. Brotherton*, 851 S.W.2d 193, 195 (Tex. 1993); *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41 (Tex. 1989). Determining whether a report is created in anticipation of litigation requires examination of the totality of the circumstances surrounding its creation. *National Tank*, 851 S.W.2d at 204.

Plano argues that the investigation was admissible because it was made in the ordinary course of the district's business. Plano's Brief, 77-80. It is doubtful that the Parks investigation--the initial investigation into Ortiz's grievance--was conducted in the ordinary course of the district's business. Though it may have begun as a routine investigation of Ortiz's grievance against Gober, the focus of the Parks report shifted as soon as Ortiz obtain a temporary restraining order against the district and Principal Gober on May 11, 2012. R.R. 3, 186, 140. Parks testified that he became aware of the order the same day it was served on the district (and 10 days before the district's May 21 receipt of his completed report). R.R. Pt. 5, 222; R.R. Pt. 3, 154-55; R.R. Pt. 1, 8-40.

But even assuming that the Parks report was prepared in the ordinary course of the district's business, the Melton and AL&L reports, both initiated after issuance of the May 11, 2012, temporary restraining order, clearly were not. R.R. Pt. 1, 313-324, 402-426. The Melton and AL&L reports focused, not on any employee grievance, but solely on Ortiz's alleged misconduct. *Id.* The district was, on and

16

after May 11, 2012, not merely *anticipating* litigation, but *in* litigation, with Ortiz. R.R. Pt. 3, 154-55; see generally, R.R. Pt. 2, 269-317.

Examining the totality of the circumstances surrounding the disputed reports compels the conclusion that they were created in anticipation of (or, more accurately, during the midst of) litigation with Ortiz. The Commissioner correctly held that the Independent Hearing Examiner abused her discretion by admitting these investigations into evidence and that they could not serve as "good cause" for the district's action. R.R. 3, 184-86, 138-40.

b.    The hearsay contained within the investigative reports

Even if the investigative reports were admissible as business records or governmental records, the statements of students and teachers contained in them were still inadmissible hearsay. R.R. 3, 186-87, 140-41. These improperly admitted hearsay statements form the evidentiary basis for the district's allegations that Ortiz made inappropriate statements to students regarding Gober and attempted to influence students' statements.

In order to be admissible, each layer of hearsay must fit into an exception of the hearsay rule. Tex. R. Evid. 805; *First Sw. Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 959 (Tex. App.—Texarkana 1989, writ denied). In this case, while Ortiz's own statements are admissible as admissions of a party opponent, the statements of students and teachers are hearsay statements to which no exception

17

applies. The Commissioner correctly determined that the statements were improperly admitted and could not form the basis for the district's action. R.R. 3, 186-87, 140-41.

c. Expert Issues

Issues involving experts arose in two ways in the administrative case. First, Plano argued that the AL&L report was admitted, not as a business record or a government record, but as an expert report. R.R. 3, 187-88, 141-42. The Commissioner correctly determined that, if Plano was correct that the report was admitted as an expert report, its admission was error.

Under the Texas Rules of Evidence, expert reports are admissible only if they "assist the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Civ. 702. The conclusions drawn in the AL&L report did not require significant specialized knowledge (R.R. Pt. 1, 402-426); instead, it was within the hearing examiner's ability to determine whether the evidence in the report supported the district's allegations against Ortiz. R.R. 3, 187-88, 141-42. The Commissioner correctly concluded that if the AL&L report was admitted an expert report, its admission was error.[14] *Id.*

---

[14] And even an appropriate admission of the report would not have cured the error of admitting the multi-leveled hearsay evidence contained within it. See discussion 4(b), *supra*.

The second expert issue presented in the administrative case was admission of the reports and testimony from Mike Moses, an expert with significant experience in Texas education. R.R. 3, 188-90, 142-44. The subject of Moses's testimony was whether the allegations against Ortiz constituted "good cause" for termination of her contract. R.R. 3, 188, 142.

If "good cause" were a question of fact, admission of expert testimony would have been appropriate. Tex. R. Evid. 702. Under certain circumstances, expert testimony can be appropriate to address mixed questions of fact and law. *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 94 (Tex. App.—Houston [14th Dist.] 2004, no pet.). However, the Texas Education Code provides that "[a] determination by the hearing examiner regarding good cause for the . . . termination of a . . . term contract is a conclusion of law. Tex. Educ. Code § 21.257(a)(2)(a-1).

Plano's brief argues extensively that this recent legislative amendment out not to have the result of excluding expert testimony regarding "good cause." Plano's Brief, 74-76. Regardless, application of the rules of evidence to the recent amendment of the Education Code compels the conclusion that the Commission was correct. Expert testimony is not appropriate to address a pure question of law. *Id.*, Tex. R. Evid. 702. For this reason, the Commissioner correctly held that the hearing examiner's admission of Mr. Moses's reports and testimony was erroneous. R.R. 3, 188-190, 142-44.

19

5.  <u>Allegations without supporting factual findings</u> (Plano's cross-issue 5)[15]

The district requested that the Commissioner find "good cause" based on certain allegations for which the hearing examiner made no corresponding findings of fact. R.R. 190, 144. Specifically, the district requested that the Commissioner find good cause based on allegations that Ortiz's tape recorded her conversation with a student without the parent's consent; made false statements during the Parks, Melton and AL&L investigations, and filed grievances against district employees for purposes of retaliation. *Id.* The hearing examiner, not the district, resolves conflicts in evidence and credibility disputes. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 564 (Tex. 2000). Because no findings of fact support the allegations of improper recording, false statements to investigators and retaliatory use of grievances, the Commissioner correctly rejected the district's assertion of "good cause" on these grounds.

6.  <u>Summary of Response to Plano I.S.D.</u>

The Commissioner correctly concluded that the district failed to provide Ortiz adequate notice of some violations, waived others through extension of her term contract, and improperly sought to use her judicial statements against her. Further, the Commissioner correctly concluded that Plano I.S.D. is prohibited from relying

_____

[15]  This issue is identified in Plano's list of cross-points but counsel does not find it addressed in the body of Plano's brief.

20

on allegations unsupported by findings and that its expert reports and testimony were improperly admitted. Nonetheless, the Commissioner supports Plano I.S.D.'s decision to terminate Ortiz's term contract for cause as described in Section B., *infra*. Finally, even if the court determines that the commissioner's decision was flawed by a legal error or procedural irregularity, reversal is allowed only if the court determines that the irregularity or error likely led to an erroneous decision. *Id*., § 21.307 (g); *Charter Med.-Dall., Inc.* 665 S.W. at 452; *Matthews*, 268 S.W.3d at 172 (Commissioner's reasoning immaterial if conclusion is correct).

## B. Grounds accepted by the Commissioner

Despite the fact that the Commissioner rejected many of the "good cause" grounds asserted by the district, the Commissioner found that "good cause" existed to terminate Ortiz's contract. R.R. 3, 190-193, 140-44. This finding was based on: Ortiz's violation of a directive issued to her on March 23, 2012; and Ortiz's statements in an audio recording of her conversation with a former student. *Id*. These items of evidence form the basis of the Commissioner's finding of "good cause," based on Ortiz's violation of the following provisions of the Educators' Code of Ethics:

> *Introductory Paragraph*: The Texas educator, in maintaining the dignity of the professional, shall respect and obey the law, demonstrate personal integrity, and exemplify honesty.
>
> *Standard 1.4*: The educator shall not use institutional or professional privileges for personal or partisan advantage.

21

*Standard 3.8*:     The educator shall maintain appropriate professional educator-student relationships and boundaries based on a reasonably prudent educator standard.

*Standard 3.9*:     The educator shall refrain from inappropriate communication with a student or minor . . . .

1.     The March 23, 2012, agreement (Ortiz's issues 1, 4)

The March 23, 2012, agreement, which was signed by investigator Parks for the district and by Ortiz, stated, in pertinent part:

> This investigation or inquiry is confidential . . . As such, <u>you must not discuss this investigation or inquiry, or any information that you and the investigator discuss</u>, with other District employees . . . or any other person who is in any way connected to the incident or event under investigation, or who is a possible witness in this investigation. Disclosure of information pertaining to this investigation may result in disciplinary action against the disclosing employee.

(emphasis in original).  R.R. Pt. 1, 360.[16]  The document contains no expiration date or language suggesting that its applicability is limited to the duration of the investigation.[17]  *Id*.

---

[16]   Ortiz challenges the constitutionality of the confidentiality directive she was found to have violated.  There is no separate cause of action against the Commissioner for the alleged free speech violation, thus the Commissioner will not respond to Ortiz's constitutional claim unless directed to do so by the court.

[17]   Though Ortiz appears to have abandoned this argument on appeal, in the trial court she sought to obtain requests for admissions pertaining to statements and interactions made in a subsequent meeting with the district regarding another employee.  In appeal of a Chapter 21 case, the court is limited to consideration of the administrative record from the proceedings below.  Tex. Ed. Code § 21.307 (e); *Aleman v. Edcouch Indep. Sch. Dist.*, 982 F.Supp.2d 740-41 (S.D. Tex. 2013) (court may not receive evidence outside the administrative record).  The record regarding "good cause" for termination of her contract—the "substantial evidence" appeal-- is complete.

It is undisputed that in August 2012 Ortiz asked one of the students for details regarding his May 2012 interview by Melton (attendant to the Parks investigation). See discussion in section B.2., *infra*. The Commissioner correctly found that Ortiz's discussion of the investigation with the students was, in light of the district's directive, insubordination constituting "good cause" for termination. R.R. 3, 190-93, 143-47.

2.      Ortiz's recorded communications with student (Ortiz's issue 1)

The Commissioner found additional "good cause" for the termination in the substance of Ortiz's August 2012 communications with the student about the investigation. R.R. 3, 190-93, 144-47. The district noticed Ortiz regarding the following violations of district policy:

- You discussed confidential personnel matters in violation of District Policy and the signed confidentiality statement (R.R. Pt. 3, 163);

- You involved students in your personal complaints and litigation . . . (*Id.*);

- You engaged in unprofessional conduct by inappropriately discussing with your students certain confidential personnel matters involving yourself and Mr. Gober in violation of District Policy (R.R. Pt. 3, 164);

- You engaged in unprofessional conduct by seeking to inappropriately involve your students in your personal complaints and litigation against the District and Mr. Gober (R.R. Pt. 3, 165).

23

Each of these findings is repeated in the attachment to the district's second notice of termination letter. R.R. Pt. 3, 173-182.

The Commissioner found that the communication with the student demonstrated that Ortiz was using the conversation to obtain information about what the investigators knew, what they were interested in, and whether the investigation was focused on her. R.R. 3, 192, 146. The information Ortiz sought, the Commissioner found, was not merely information to determine the extent of the student's knowledge with an eye toward her lawsuit against Gober. *Id.* Instead, her communication with the student was aimed at gathering information about the confidential investigation. *Id.*

The Commissioner further found that the tone of the communication, including describing another student as "goofy-looking" and telling the student during the conversation that the student's rendition of events was "good," violated appropriate student-teacher boundaries. R.R. 3, 192-93, 146-47.

The Commissioner found that substantial evidence, demonstrating multiple violations of the Educators' Code of Ethics, supported the termination of Ortiz's contract. R.R. 3, 190-193, 140-44.

## CONCLUSION AND PRAYER

The Commissioner and the district court correctly affirmed Plano's decision to terminate the teaching contract of appellant Ortiz. Their decisions are supported

24

by substantial evidence, good cause supports Ortiz's termination and the district court's judgment should be in all things affirmed.  The Commissioner further prays to receive any additional and further relief to which he is entitled, whether at law or in equity.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLE E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/ Robin Sanders*
ROBIN SANDERS
Assistant Attorney General
Texas Bar No. 09310900
Office of The Texas Attorney General
Administrative Law Division
P. O. Box 12548
Austin TX  78711-2548
Phone:  (512) 475-4005
Fax: (512) 320-0167
Email: robin.sanders@texasattorneygeneral.gov

FOR THE COMMISSIONER

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 4,743 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

/s/ Robin Sanders
ROBIN SANDERS

## CERTIFICATE OF SERVICE

I certify that the above was service on this 13th day of April, 2015, via e-service and/or email to:

Richard L. Arnett
Texas Bar No. 01333300
Brim, Arnett, Robinett & Conners, P.C.
Attorney at Law
2525 Wallingwood Drive, Bldg. 14
Austin, Texas 78746
Phone: (512) 328-0048
Fax: (512) 328-4814
rarnett@brimarnett.com

Richard Abernathy
State Bar No. 00809500
Charles Crawford
State Bar No. 05018900
1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069
214-544-4000 telephone
214-544-4040 facsimile
ccrawford@abernathy-law.com
rabernathty@abernathy-law.com
*Attorneys for Plano ISD*

/s/ Robin Sanders
ROBIN SANDERS

26